JOHN S. M'GEHEE and WIFE, Appellant, *v.* ZACHARY T. WHITE, Appellee.

1. DEED: ACCEPTANCE OF.—It is necessary, to the vesting of an estate conveyed by deed, that the deed should be accepted by the grantee, or some person authorized by law to accept it for him.
2. SAME: HUSBAND AND WIFE.—The husband is authorized by law to accept a deed for the wife, so as to vest in her the estate thereby conveyed.
3. SAME.—It is necessary to a valid acceptance of a deed by the husband for the

wife, that he should understand and know its contents; the mere acceptance of the written instrument by the husband, the nature and extent of which being unknown to him, cannot be construed into an acceptance of the deed, so far as to affect the rights of the wife, by vesting an estate in her.

4. CHANCERY: ANSWER: EFFECT OF.—A positive and unequivocal denial in the answer, of an allegation of the bill, cannot be disproved except by two witnesses, or one witness and corroborative circumstances; although it appear by the answer itself, that the respondent had no personal knowledge of the matter denied. The court will not look into the grounds upon which the denial is made, or inquire whether they were sufficient or not, in estimating its value as evidence.

APPEAL from the District Chancery Court, at Holly Springs. Hon. Henry Dickinson, judge.

For the facts, reference is made to the opinion of the court.

*Watson* and *Craft*, for appellants.*

*H. W. Walter*, for appellee.

1. It is admitted, that by the common law, the husband could dissent to a deed made to the wife, and thereby divest her of the estate, but this rule is changed by the Acts of 1839 and 1846. The wife can now take the estate without the assent of the husband, and such was the rule in equity, before the passage of those acts. See 2 Story, Eq. § 1378.

2. The answer insists, that it was not their intention that the deed should be valid and operative, without the consent of W. W. White; but this intention, if it existed, was never expressed, and was a mere mental reservation of appellants, and cannot have the effect of changing the legal character of the transaction. In *Verplank* v. *Sterry*, 12 John. R. 535; the court say, "that if the delivery of the deed was intended to be conditional, the omission to express the intention, raised a strong presumption that the deed should have no operation different from the purposes expressed in it. See also *Courie* v. *Donald*, 2 Wash. 58; *Young* v. *Moore*, 1 Strobh. 48.

* No memorandum or brief of the argument of Messrs. Watson and Craft have come to my possession.

3. It is insisted, that the denial of the answer, that Mrs. White accepted the deed, although shown to have been made without any knowledge on the subject, is evidence, and must be disproved by two witnesses. This rule does not apply, when the answer states facts not within the knowledge of respondent. *Knickerbocker* v. *Harris*, 1 Paige, 209; *Copland* v. *Craine*, 9 Pick. 73, 78; *Wilkins* v. *Pearce's Adm'r*, 5 Munf. 183; *Williamson* v. *M'Connell*, 4 Dana, 453; *Arnot* v. *Biscoe*, 1 Vesey, Sr. 95. Nor is this rule affected by the fact, that the respondent makes his denial positive in *form*. "The weight of an answer must, in some degree, depend on the fact stated. If a defendant assert a fact which is not, and cannot be within his own knowledge, the nature of his testimony cannot be changed by the positiveness of the assertion. The strength of his belief may have betrayed him into a mode of expression of which he was not fully apprized, when he intended to utter only a strong conviction of the existence of a particular fact, or what he deemed an infallible deduction from facts, which were known to him; he may assert that belief, or that deduction, in terms which convey the idea of his knowing the fact itself. These traits in the character of testimony must be perceived by the court, and must be allowed their due weight, whether the evidence be in the form of an answer or deposition. The respondents could found their assertion only on belief, they ought so to have expressed themselves; and their having perhaps incautiously used terms indicating knowledge of what, in the nature of things, they could not know, cannot give to the answer more effect than it would have been entitled to, had they been more circumspect in their language." Per Chief Justice Marshall, in *Clark's Ex'or* v. *Van Riemsdyke,* 9 Cranch, R. 153, 154. The delivery of the deed to W. W. White, was a delivery to his wife, the grantee, and he could not defeat it by a refusal to accept. The unconditional delivery to him enured immediately to the benefit of the grantee, without any concurrence on her part. See *Garmons* v. *Knight*, 12 Com. Law R. 351; *Hatch* v. *Hatch*, 9 Mass. R. 307; *Gardner* v. *Collins*, 3 Mason, R. 401; 4 Cruise, Dig. 33; *Scrugham* v. *Wood*, 15 Wend. 545; *M'Cutchen* v. *M'Cutchen*, 9 Porter, 650; *Morrow* v. *Alexander*, 2 Iredell, 388;

*Merrell* v. *Swift*, 18 Conn. 257 ; *Kane* v. *Maclin*, 9 S. & M. 387 ; 1 Johns. Cases, 253 ; *Wheelright* v. *Wheelright*, 2 Mass. R. 448 ; *Goodrich* v. *Walker*, 1 Johns. Cases, 250 ; *Chapel* v. *Bull*, 17 Mass. 213 ; *Ward* v. *Lewis*, 4 Pick. 588.

HANDY, J., delivered the opinion of the court.

This was a bill filed by the appellee in the District Chancery Court, at Holly Springs, stating, that previous to the year 1846, the complainant's father, William W. White, was married to Lucinda, the daughter of the appellants, and had issue, a daughter Anne; that the mother died in March, 1847, and the child Anne died in August, 1850 ; that the father married a second wife, and had issue thereof, the complainant, who was born in 1849, and claims title to the land in controversy as the heir at law of his sister Anne, who died after his birth.   The ground of the complaint is, that in the fall of the year, 1846, the appellants executed a deed in fee simple, conveying to their daughter Lucinda, then the wife of William W. White, a certain specified tract of land, lying in Pontotoc county, in this State, which deed, the bill alleges, was duly "executed with all legal formality, and was signed, sealed and delivered by the defendants (the appellants,) to the said William W. White, the father of the complainant, and by him accepted for his wife, and was afterwards delivered by the said William to his wife Lucinda, and was by her approved and accepted;" that when the deed was delivered to said William, it was read and fully understood by him; that afterwards; and without the knowledge or consent of the said Lucinda, complainant's father returned the deed to the defendants to have it corrected, so as to make it a conveyance to the father and his wife Lucinda, jointly, and that said deed has never been returned to William W. White, or his wife Lucinda, but was destroyed by the defendants.

The bill claims, that under these circumstances, the deed conveyed the legal title to the land to Lucinda, which, on her death descended to her daughter Anne, on whose death it descended to the complainant; and prays that the title be divested out of the defendants and vested in the complainant.

The answer states the circumstances of the execution of the deed and of the return of it to the defendant, John S. M'Gehee; that it was intended to be an operative deed, if it was satisfactory to William W. White and his wife Lucinda; that it was not satisfactory to White, who shortly after its delivery to him, returned it to the defendant, M'Gehee, refusing to accept it in the form in which it stood, and thereupon that M'Gehee destroyed it. The answer then denies explicitly, " that the deed was read by any one at the time it was handed to White, and that any conversation passed between the defendant, John S. M'Gehee and White at the time when he handed it to him, or that White in his presence examined it or said aught about it," and states that Lucinda was not present. The answer also fully " denies that the deed was *delivered to the said Lucinda and by her approved and accepted,* and that it was *ever delivered to White and assented to by him for himself or his wife Lucinda.*" Again, "he also denies that the said White *ever did receive the said deed for his wife,* the said Lucinda."

The only witness introduced in support of the allegations of the bill, was William White, the complainant's father, who deposes fully to the facts stated in the bill, and especially that when the deed was delivered to him for his wife, he accepted it for her, and afterwards she accepted it for herself, and that he was entirely satisfied with the deed to her; that he read the deed at the time it was delivered to him by John S. M'Gehee, and accepted; and that he gave it afterwards to Miles M'Gehee, a son of defendant, to have it amended, so as to make the witness a party to the deed, he believing that this was necessary, in order to enable him to sell the land and convey title.

On the part of the defendants, the testimony of two witnesses was taken, tending to show that the deed was not accepted and received by William W. White as a satisfactory conveyance, either to him or his wife.

On the hearing, the vice chancellor decreed a conveyance of the land to the complainant, from which decree this appeal is taken.

The questions upon which this case depends, are, first, whether

the deed was delivered to William W. White and accepted by him as a complete conveyance to his wife at the time it was placed in his hands; or second, if that was not done, whether it was afterwards made known to his wife, and accepted by her.

If either of these things took place, the deed would be complete and valid in law, as a deed delivered and accepted; and being for the especial benefit of the wife, the husband could not have annulled it without her consent, nor could the father have defeated the estate thereby conveyed by destroying the deed without her consent. If legally delivered to the husband and accepted by him for his wife, the law would presume an acceptance by her, because it was for her benefit, and he occupied a relation to her that would authorize him to accept the deed for her. Upon these points the issue is distinctly made by the pleadings.

In the first place, as to the constructive acceptance implied from the delivery to the husband and the benefit accruing from the deed to the wife, it was necessary, in order to constitute such delivery an acceptance, that the husband should have understood the character and terms of the deed. The mere acceptance of an instrument of writing, the nature and extent of which were unknown to him, could not be construed into an acceptance so as to affect the rights of another party interested in the transaction. Hence, the importance of the allegation of the bill that White read over the deed when it was delivered to him, and fully understood its contents. That allegation is expressly denied by the answer, and it was therefore necessary to establish it by proof. The only witness offered to prove it is White himself. But that is not sufficient of itself, under the well-settled rule, that material allegations of a bill which are, directly and positively denied by the answer, must be established by two witnesses, or one witness and corroborative circumstances, otherwise the answer must prevail. Nor are there such circumstances shown as would lead to the conclusion that the deed was examined and accepted by the husband at the time, as a complete conveyance to his wife. The circumstances appearing in the transaction which will be hereafter noticed, would incline the mind to a different conclusion.

The next point for consideration is, whether the deed was de-

livered to, and accepted by the wife. The affirmative of this is distinctly alleged by the bill, and positively denied by the answer; and the only proof in behalf of the complainant is the testimony of William W. White, who deposes fully to the correctness of the statements of the bill. In the able and ingenious argument of the counsel for the appellee, it is insisted, that the rule of evidence requiring two witnesses to destroy the force of an answer responsive to the allegations of a bill, cannot apply to the pleadings on this point, because the answer shows that M'Gehee never conversed with his daughter upon the subject, and could, therefore, have no positive knowledge or reliable information in relation to it; and hence, that the positive denial in his answer is gratuitous and mere matter of belief and inference. In one part of the answer, the defendant admits that he never conversed with his daughter upon the subject. But in other parts of it he denies explicitly and positively, that the deed was ever delivered to, and approved and accepted by her. This denial is not by way of inference or argument, but it is a direct and unequivocal response to the allegation of the bill. Under the view in which we are now considering the matter, it is immaterial whether the defendant was justified by the facts of the case in his denial. He may have made the denial upon information which he had received, or from a state of facts which he knew to exist, which satisfied his mind of the correctness of what he stated. Whether the evidence upon which he founded his answer was sufficient to justify it, or whether he had any evidence at all to support it, is not the question. He was called upon to answer a specific and material charge upon his oath, and he responded to the call by a positive denial, and whether true or false, it must have the force of evidence in the cause, unless counterbalanced by two witnesses, or one witness and corroborating circumstances. If he had answered the allegation by stating other and collateral facts which might amount to a denial of the charge, the facts stated would not be evidence without proof, and the answer could not be regarded as a denial of the charge, because the denial would be by way of inference. But it cannot be said, that an answer which is a direct and positive denial of a charge in a bill, shall not have its legal effect as evidence, because it is

made upon insufficient grounds. The answer, therefore, in this respect must prevail, unless other circumstances appearing in the case show that the deed was accepted by Mrs. White. Do the circumstances and other testimony in the case, then, tend to that conclusion? We think not.

It is fully proved by the testimony of William W. White, that the deed was given by him to Miles M'Gehee, in order to have it amended by the defendant, so as to make White a party to the deed. Why was this done, if he was entirely satisfied with the deed, as he states he was? This circumstance is not easily reconcilable with the fact that the deed had already been accepted as a complete and satisfactory deed, both by himself and his wife. If that had been the case, it would have been an act of great impropriety in him, in his wife's last illness, to endeavor to have the deed conveying the land to her alone, altered, so as to make him a party to it; and this conclusion is not readily avoided, except upon the ground that the deed was not accepted as a complete and perfect conveyance of the land. In addition to this, the deposition of Miles M'Gehee goes fully to show that White was dissatisfied with the deed, because it was made to his wife alone, and that he said that he would have nothing to do with the land, and gave the witness the deed, in order to get it altered, by having him made a party to it. He made use of similar expressions of dissatisfaction with the deed to F. M. White, stating that he would not receive it in that shape.

In view of these facts, which appear to be the prominent circumstances in the case, apart from the testimony of William W. White, it is clear that his testimony is not sufficiently corroborated by the circumstances appearing in the transaction, to cause it to prevail over the positive denials of the answer, and that the rule of evidence applicable in such cases must prevail.

Let the decree be reversed, and the bill dismissed.

The appellee's counsel filed a petition for a re-argument; but it was overruled by a majority of the court—FISHER, J., being of opinion that it should be granted.