KLINE v. THE STATE, 44 Miss. R., 317.

## VIOLATING SABBATH.

The general rule stated in several cases (5 How.,242; 13 S. & M., 263; 23 Miss., 525), that "Indictments on statutes must state all the circumstances which constitute the definition of the offense in the act; that they must pursue the precise technical language employed in the statute defining the offense," is a little too broad and general. Art. 7, Rev. Code, 573, supplies a rule of absolute force. "Merely formal and technical words shall not be deemed necessary (in indictments), so the offense be certainly and substantially described therein;" and the indictment would be good, although the "pre-

cise, technical language of the statute" be omitted, provided the offense is "certainly and substantially" described in other words of equivalent import.

Where the enacting clause of the statute describes the offense with certain exceptions, it is necessary to state all the circumstances that constitute the offense, and to negative the exceptions; but if the exceptions are contained in a separate clause of the statute, they may be omitted in the indictment, and the defendant must show that his case comes within them, to avail himself of their benefit. 2 Nott & McC., 365; 24 Maine, 232; 34 N. H., 422; 1 Leach, 102.

The indictment omitted to negative the exception by inserting the words; "not being a druggist or apothecary,". as contained in the enacting clause of the statute; this negation being material, the statute does not authorize the court, at a subsequent term, to allow an amendment by inserting the words of the exception.

Error to Lowndes circuit court.    ORR, J.

*Matthews* and *Anderson*, for plaintiff in error.

The indictment was found at the August term, 1869, and the subsequent proceedings were had at the July term, 1870.    The 10th section of the bill of rights says : "The accused has a right to demand the nature and cause of the accusation:" made against him by the state.    This is not done by the indictment under provisions of the Rev. Code, art. 257, p. 614.    By this act, amendments are restricted to such as may be made "by consent of the grand jury or of the court, during the term at which the bills may be found.    If proposed after that term, they can only be made with the consent of the defendant, with permission of the court."    By article 268, the authority to amend is restricted to formal defects alone.    Articles 262 and 268 are not reconcilable with art. 257, except by holding that all amendments, whether of form or substance, should be made by the consent of the grand jury and of the court, during the term of the finding of the bill, or by consent of the defendant, and permission of the court, if proposed at a subsequent term.    The formal defects specified in art. 262 can only be amended when there shall appear a "variance between the statement in the indictment and the evidence in proof thereof."    A demurrer could not disclose such variance.

The grand jury is the appointed tribunal to communicate "the nature and cause of the accusation," and the court cannot add to or subtract from its specifications, except in strict accordance with art. 257; and articles 262 and 268 being in conflict with the bill of rights and art. 257, are of no force or effect. Newcomb v. The State, 37 Miss., 383.    The indictment is

defective in charging the offense in alternative language. Murphy v. State, 24 Miss., 594; 1 Archbold, 298; 1 Baily South C. Rep., 144; 1 Bennett & Heard's Lead. Cr. Cases, 598. It is not a common law offense, 4 Iredell, 400; but is statutory, and should be clear and certain to every intent, pursuing the precise technical language of the act. Anthony v. The State, 13 S. & M., 264; Ike v. The State, 23 Miss., 527; Scott v. The State, 31 Miss., 473.

The exceptions contained in the statute are vital and substantial, and the indictment is defective in not expressly negativing them. Davis v. The State, 39 Ala., 523. And being thus matter of substance, no amendment could be made without the concurrence of the grand jury. McGuire v. The State, 35 Miss., 367. See also 1 Archbold's Crim. Prac., 287; Brittani v. The State, 5 Eng. Ark. Rep., 299; Davis v. The State, 39 Ala., 521; 1 Bennett & Heard's Lead. Crim. Cases, 250, 256, 259.

*J. S. Morris*, attorney general.

In an indictment for "disposing of, selling, or bartering wares, merchandise, goods, or chattels, on the Sabbath day," it is unnecessary to aver negatively that the defendant was not "a druggist or apothecary." That fact, if it exist, may be pleaded in avoidance or proved under the plea of "not guilty." 2 Hale P. C., 170, 171; Rex v. Pemberton, 2 Burr., 1037; Rex v. Bryan, 2 Strange, 1101; and authorities cited and approved in 1 Bishop's Crim. Procedure, § 375.

If there had been no leave asked or given to amend, or if, having been given, and the amendment made, the indictment still be imperfect in form, the benefit of the statute (Rev. Code, p. 616, art. 268) "is to be obtained," even here in the supreme court, by the courts overlooking the defect, and considering the amendment as being made. Rex v. Landaff, 2 Strange, 1011; Eakin v. Burger, 1 Sneed, 417; 1 Bishop Crim. Procedure, § 386.

As to the constitutionality of the statute above referred to, and which is relied upon as a cure of all mere formal defects in indictments and other criminal pleadings, I shall attempt no discussion. The terms used in the section extend to none but for-

mal defects; and to such only have they been applied in this case.

SIMRALL, J.:

Henry A. Cline was indicted for prosecuting secular business on Sunday, contrary to the statute, in this, "that on the 7th day of February, A. D. 1869, the same being Sunday, he did sell and dispose of goods and chattels, to wit, one can of oysters," &c. The defendant demurred on the ground that the indictment did not charge him with any offense. Art. 226, Rev. Code, p. 607, is as follows: No merchant, &c., or other person, except apothecaries and druggists, shall keep open store or dispose of any wares, &c., &c., on Sunday, or sell or barter the same. We find the general rule stated in several cases in this language: "Indictments on statutes must state all the circumstances which constitute the definition of the offense in the statute; they must pursue the precise technical language employed in the statute in defining the offense." Ainsworth v. The State, 5 How., 242; Anthony v. The State, 13 S. & M., 263; Ike v. The State, 23 Miss., 525; Williams v. The State, 44 Miss.

Perhaps the language of the courts is a little too broad and general as laying down an invariable rule. Art. 7, Rev. Code, p. 573, supplies a rule of absolute force: "Merely formal and technical words shall not be deemed necessary (in indictments), so the offense be certainly and substantially described therein." While it is the better and safer practice to follow approved precedents, and to adhere closely and precisely to the statutory description of offenses, nevertheless, the indictment would be good, "so the offense be certainly and substantially described therein," although there be absent from it words "merely formal and technical." The precise descriptive language of the statute need not be used, if other equivalent words are employed, which describe the offense "certainly and substantially."

This indictment is fatally defective in omitting to negative the exceptions contained in the statute. The rule is this: When the enacting clause of the statute describes the offense with certain exceptions, it is necessary to state all the circumstances that constitute the offense, and to negative the exceptions; but when

there are exceptions and provisos contained in separate clauses of the statute, they may be omitted; and the defendant must show that he comes within the exception or proviso. Reynolds v. The State, 2 Nott & McCord, 365; State v. Godfrey, 24 Maine, 232; State v. Glyn, 34 N. H., 422; Rex v. Palmer, 1 Leach, 102. A statute prohibited "all labor, business, or employment on Sunday, except works of necessity and charity." An indictment not negativing the exceptions was held to be bad. State v. Baker, 18 Ver. R., 195. So, where a statute prohibited the unlicensed sale of liquors, "except in corporate towns and cities," an indictment omitting to negative the exception was defective. Eakins v. The State, 13 Ga., 435; Howe v. The State, 10 Ind., 423.

Before a decision was made on the demurrer, the district attorney, with leave of the court, amended the indictment by inserting the words, "not being a druggist or apothecary," and another formal change, to which exceptions were taken. And that presents the question whether such change could be made. In McGuire v. The State, 35 Miss., 367, it was held to be error to change the indictment by correcting the Christian name of the accused, that being, as it was said, a material averment. That case occurred, however, before the adoption of the Revised Code of 1857. Art. 257, Rev. Code, p. 614: "The indictment may, with consent of the grand jury or of the court, be amended at any time during the term of court at which it was found, or afterwards, by the consent of the defendant, with permission of the court."

The indictment was found August 12th, 1869, and the amendment was made July 4th, 1870, which was a subsequent term. Art. 268, p. 617: After objection has been made by demurrer or motion to quash for any formal defect, the court may, if thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall forthwith proceed. If the objection taken to this indictment were merely "formal," the court has authority to order the amendment. But we have shown that the omission to negative the exception in the statute in favor of "druggists and apothecaries," was a vital defect, and power is not conferred on the court by this article to make other

than "formal" amendments. Article 268 refers to so many defects disclosed during the progress of the trial, which may be amended. This article applies to a variance between the allegations of the indictment and the testimony, and empowers the court to order amendments, so as to make the *allegata* correspond with the *probata*. The action of the circuit court cannot be brought within this provision.

There was error, therefore, in permitting the amendment, and the respondent, plaintiff in error, was improperly convicted. The judgment of the circuit court is reversed, the indictment quashed, and the cause remanded.