## NOAH L. DAVIS *v.* JUNIUS HART.

1. RES JUDICATA. *Judgment on one of several notes. Same consideration.*
   Where a series of notes are given by one person to another, based on the same transaction and consideration, a final judgment in a suit on either of the notes involving its consideration, is *res judicata* in any other suit between the same parties on any other of the notes.

2. INJUNCTION: DISSOLUTION. *Practice.*
   On motion to dissolve on pleadings and evidence, where the answer under oath is responsive and denies the equity of the bill, and the complainant has failed to sustain his allegations by proof, and makes no application for further time to take testimony, it is proper to dissolve the injunction ; and this although the five months for taking testimony has not expired.

3. CHANCERY PLEADING. *Answer as evidence. Positive denial on information.*
   The sworn answer of a defendant which is responsive and contains direct and positive denials is evidence for the defendant, although it be shown by evidence *aliunde* that in making it he had no personal knowledge of the facts. *MGehee* v. *White*, 31 Miss. 41, cited.

4. DAMAGES ON DISSOLUTION OF INJUNCTION. *Right to sue on bond. Code* 1880, § 1919.
   Although the defendant may claim damages in the chancery suit on dissolution of the injunction under § 1919 of the code, if the proof of damages

is insufficient, it is not error for the decree of dissolution to provide that it shall be without prejudice to the right of defendant to sue on the injunction bond for such damages. *Penny* v. *Holberg*, 53 Miss. 567 ; *Goodbar* v. *Dunn*, 61 Ib. 624 ; Code, ? 1919.

FROM the chancery court of Lowndes county.

HON. T. B. GRAHAM, Chancellor.

This is an appeal from a decree dissolving an injunction. Appellant, Davis, bought a piano from the appellee, Hart, in October, 1888. The price was four hundred dollars, of which amount he paid cash, November 1, 1888, fifty-five dollars, and gave twenty-three notes for fifteen dollars each, one being made payable on the first of each succeeding month until all were settled. The notes bore eight per cent. interest from date, and provided for the payment of exchange on New Orleans, and also for the payment of an attorney's fee " if collected by law." These notes not being paid as they fell due, Hart obtained judgment on two of them in a justice court, from which the defendant appealed to the circuit court. He brought suit in the justice court on the third note, when he was enjoined by the bill in this case. In his bill Davis alleged that the notes were not to bear interest, and that the stipulations for the payment of interest, exchange and an attorney's fee were fraudulently inserted in said notes by one J. S. Johnston, the agent of Hart; that they were presented for his signature when he had no time to examine them; that he signed them without reading and hurriedly to accommodate the agent, who was going away, and relied upon the statement of the agent that the notes were as agreed upon in the contract of purchase, whereas, with these stipulations, they varied from the contract, and in this way complainant was imposed upon. The bill prayed that the suits be enjoined, and that the defendant be enjoined from suing on the other notes, and that all the notes be reformed. The bill was sworn to by the complainant. The defendant answered under oath, denying all the allegations of fraud and imposition, and averring that the stipulations of the notes accorded with the agreement between the parties. The testimony of several witnesses was taken on behalf of complainant, and that of Johnston, the

agent, on behalf of defendant. The bill was filed February 12, and the answer was filed February 28, 1889. On the 11th of April following, before the expiration of the five months allowed for taking testimony, the court sustained the motion of defendant to dissolve the injunction on bill, answer and proofs, and entered a decree of dissolution. The testimony on the part of complainant tended only remotely, if at all, to establish the allegations of the bill, while the agent of defendant testified positively in support of the averments of the answer. It was shown that the defendant, Hart, had no personal knowledge of the facts in making his answer, and that all the transactions were had with his agent, Johnston. The agent negotiated the sale of the piano with the complainant, Davis, and took the notes in question, no other persons being present. The testimony of the complainant was not taken.

On dissolution of the injunction the defendant sought to have the court enter a decree in his favor for the damages he had sustained by the wrongful suing out of the injunction, in accordance with the provisions of § 1919 of the code of 1880. This the court declined to do, because the proof of damages was insufficient, but provided in the decree that it should be " without prejudice as to defendant's right to sue for damages on the injunction bond."

From the decree of dissolution the complainant appealed.

*Harrison & Landrum*, for appellant.

1. On motion to dissolve an injunction, the burden of proof is on the party making the motion. High on Inj., § 881. And on such motion the allegations of the sworn bill are to have the same effect as if the deposition of complainant had been taken and read as evidence. Ib., § 882.

2. The defendant can claim no benefit of his answer as evidence, because it is shown that he had no personal knowledge of the facts. An answer on information and belief is no answer at all, so far as the injunction is concerned. High on Inj., § 896. Defendant, having made a motion to dissolve on such an answer, admits the allegations of the bill.

But, aside from this, the only testimony for the defendant is that of Johnston, and it is not sufficient to meet the burden of proof and

overthrow the equity of the sworn bill. This witness is contra-
dicted in several material points by the witnesses for complainant,
and he does not stand as a man above reproach.

3. The bill is filed to reform the written instruments, and, as
auxiliary to this, for an injunction to restrain the suits on the notes,
and it was error to dissolve the injunction in advance of a final
hearing on the merits on full proof. Since the injunction is dis-
solved, if the complainant finally succeeds in reforming the notes,
as he is likely to do, he will not enjoy the fruits of it, because of the
prosecution of the suits in the meantime. Such is the legal para-
dox the case presents as it now stands.

We refer the court to the language of the opinion in *Jones* v.
*Brandon*, 60 Miss. 560.

*L. D. Landrum*, for appellant, made an oral argument.

*Z. P. Landrum*, for appellee.

1. The injunction was properly dissolved. The complainant in-
troduced no testimony on the hearing of the motion, save as to col-
lateral matters having no bearing upon the question of dissolution
or the merits of the cause.

2. It is a significant fact that neither the deposition nor the affi-
davit of the complainant, Davis, was read on the hearing of the
motion. He was the only person, except the agent, Johnston, who
had a personal knowledge of the facts, and yet his testimony was
not taken; the testimony of Johnston stands uncontradicted. The
depositions of the witnesses for complainant referred to collat-
eral matters that were irrelevant and incompetent.

3. The equity of the bill was completely sworn away by the an-
swer, which denied every material allegation made by the complain-
ant, and therefore the motion to dissolve was properly sustained.
*Richardson* v. *Lightcap*, 52 Miss. 508.

4. The bill showed on its face that the chancery court had no
jurisdiction, because there was a complete defence at law, and on
this ground the motion should have been sustained. *Leonard* v.
*Holmes*, 49 Miss. 290. The answer presents this point as if a de-
murrer had been filed.

5. As the merits of the question as to damages were not con-

sidered by the court, it was proper to remit defendant to his legal remedy by suit on the injunction bond.

*Z. P. Landrum,* for appellee, made an oral argument.

Arnold, C. J., delivered the opinion of the court.

The complaint made against the notes is that they bear interest and provide that the maker shall pay attorneys' fees in case the notes shall be collected by law. The notes are all based on the same transaction and consideration, and it is alleged in the bill that the same issues were made in the suits pending at law, and will be made in subsequent suits on the notes, which are presented in the bill.

A final judgment on either of the notes involving these issues would be *res adjudicata* in any other suit between the same parties on any or all of the other notes. *Gardner* v. *Bucklee,* 3 Cow. 127 ; 15 Am. Dec. 256 ; *Bouchand* v. *Dias,* 3 Denio 243 ; *Lumber Co.* v. *Buchtel,* 101 U. S. 638 ; 1 Herman on Estop. & Res Judicata, §§ 210–277 ; Wells on Res Adjudicata, §§ 210, 221, 285.

From this standpoint some of us were inclined, at the argument, to take the view that the remedy at law was complete and adequate; that there could be no multiplicity of suits in the matter such as equity would restrain, and that the injunction was improvidently issued and might well have been dissolved on the face of the bill without answer and without proof. 2 High on Injunctions, § 1469. But, as no final judgment has yet been rendered in the suits at law—appeal having been taken from the judgment of the justice of the peace—and as the notes mature monthly, and suit may be brought on more of them before final judgment can be obtained on either of them at law, the above view may not be maintainable.

But however this may be, the answer was responsive to and denied every material allegation of the bill, and proof had been taken by both parties, and if the proof was not all in, there was no application for further time to take proof either by affidavits or depositions, nor does it appear from the record that there was any suggestion by appellant that he desired to take further proof. The

answer is sworn to and is direct and positive, and whether appel-
lee who swore to the answer had personal knowledge of the facts
denied or not, the answer cannot be disregarded as evidence. *Mc-
Gehee* v. *White,* 31 Miss. 41.

In this state of case, it was clearly right to dissolve the injunc-
tion.

And as it was proper under the circumstances to dissolve the
injunction, doing so, " without prejudice to defendant's right to
sue for damages on the injunction bond," affords no ground for
complaint. It conferred no new right or privilege on the defend-
ant, but simply furnished evidence that the matter of damages as
claimed was not adjudicated by the court. On final disposition
of the suit, if in his favor, appellee might have sued on the injunc-
tion bond for such damages, as well without as with such provi-
sion in the decree. *Penny* v. *Holberg,* 53 Miss. 567 ; *Goodbar* v.
*Dunn,* 61 Ib. 624.

It is a part of § 1919 of the code that if upon the dissolution
of an injunction damages are not assessed as therein provided,
nothing contained in the action shall prevent the party entitled,
from maintaining his action at law on the injunction bond.

*Let the decree be affirmed.*