## I. I. BARBER v. M. LEVY & SONS.

1. INJUNCTIONS. *Damages.* *Action at law.* *Code* 1892, § 573.

   Section 573, code 1892, authorizing the chancery court to award damages on the dissolution of an injunction, by its terms, leaves unaffected the right to sue at law on the injunction bond, if the damages shall not be assessed by the chancery court as provided for in said section.

2. SAME. *Five per cent. penalty.* *When recoverable.* *Pleading.* *Code* 1892, § 572.

   In an action at law on an injunction bond given to restrain a sale under a deed of trust, for the recovery of the statutory penalty of five per cent. on the amount of the debt, the declaration is demurrable if it fails to allege that the value of the propery was not less than the amount of the debt, and thus negative the exception made by § 572, code 1892, to the general clause therein allowing damages at that rate.

FROM the circuit court of Newton county.

HON. A. G. MAYERS, Judge.

This was an action by M. Levy & Sons against I. I. Barber on an injunction bond given to restrain a sale under a deed of trust, for the statutory penalty of five per centum on the amount of the debt, awarded by § 572, code 1892, by way of damages on the dissolution of an injunction granted for such purpose. The declaration contained no averment as to the value of the property the sale of which was enjoined. The defendant demurred, assigning, among other grounds, the failure of the declaration to aver that the value of the property was not less than the amount of the debt. The demurrer was overruled, the defendant plead that the debt was in excess of the value of the property, the plaintiffs demurred to this plea, and the court sustained their demurrer, and, refusing to allow defendant to plead further, gave judgment for plaintiffs as for want of a plea; hence this appeal.

*Ham, Witherspoon & Witherspoon,* for the appellant.

1. The circuit court has no jurisdiction of a suit for the damages allowed by § 572, code 1892, on the dissolution of an injunction to stay a sale under a deed of trust. If the party entitled to damages fails to take a decree therefor in the chancery court on the dissolution of the injunction, the right is lost.

2. Section 572, code 1892, provides that five per cent. damages on the debt enjoined may be collected on the dissolution of injunctions restraining sales under deeds of trust, etc., "unless the value of the property, the sale of which was restrained, be less than the amount of the debt, in which case, the damages shall be computed on the value of the property." No question of construction arises upon language so plain and unambiguous. The plaintiffs could make no case entitling them to a recovery of five per cent. damages on the debt without averring that the amount of the debt was less than the value of the property, or that the value of the property was greater than the amount of the debt. An averment showing this fact, upon which their right of action depended, could not be dispensed with. It was not an affirmative defense to be set up by plea. Without it their declaration showed no cause of action.

*Calhoon & Green,* for the appellees.

1. The decree dissolving the injunction reserved the right to proceed at law on the bond. The court of law is the proper court for legal actions. In respect to injunction bonds like the one sued on, the jurisdiction of the chancery court is a cumulative, and not an exclusive, remedy. On this head the language of the statute is too plain for discussion. *Goodbar* v. *Dunn,* 61 Miss., 624; *Davis* v. *Hart,* 66 *Ib.,* 642; *Fox* v. *Miller,* 71 *Ib.,* 600. See, also, *Kiernan* v. *Cameron,* 66 Miss., 442; *Harper* v. *Montgomery,* 11 Smed. & M., 611.

2. When his demurrer was overruled, the defendant made affidavit of merits, shown in his affidavit for a continuance, which set forth that the property sold for less than the debt,

and that at the time of the sale its value was less than the debt. It is the value of the property at the time of suing out the injunction—that is, its value under the statute. *Rubon* v. *Stephan*, 25 Miss., 256. It was proper to render judgment for the statutory five per cent. on the debt enjoined. *Williams* v. *Bank*, 71 Miss., 859. That a cause of action existed is clear, and every wrong implies a remedy. *Rose* v. *Railroad Co.*, 70 Miss., 729. No excess in the amount of damages claimed, no matter how great, is ground of demurrer. *Henry* v. *Shepherd*, 52 Miss., 125.

Argued orally by *Marcellus Green*, for the appellees.

WOODS, J., delivered the opinion of the court.

The concluding clause of § 573, code of 1892, clearly recognizes the jurisdiction of courts of law to entertain suits on injunction bonds. The proper interpretation of this clause was declared in *Davis* v. *Hart*, 66 Miss., 642, following what was said in *Goodbar* v. *Dunn*, 61 Miss., 627. In the latter case it was said by this court: "The only purpose and effect of the last clause of the section was to exclude the conclusion that the remedy provided by the section was a denial of the right before recognized to sue on the bond."

The action of the court in overruling the demurrer, however, was erroneous, for the fifth cause of demurrer was well taken. The action was one for recovery of statutory damages purely, and the declaration failed to negative the exception to the general clause of the statute. The pleading avers the amount of the debt, and demands the statutory damages on that sum without averring further that the value of the property the sale of which was restrained, was not less than the amount of the debt. In Stephens on Pleading, 443, the rule of pleading in such cases is thus stated: "But if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it with the exception, and, if he

state it as containing an absolute unconditional stipulation, without noticing the exception, it will be a variance. When there is an exception so incorporated with the enacting clause that the one cannot be read without the other, then the exception must be negatived.'' The reason of the rule is said by the same author to be this: Unless the exception in the enacting clause of a statute is negatived in pleading the clause, no cause of action appears in the declaration when compared with the statute.

This rule seems to be universally recognized in both civil and criminal pleading, both in the English courts and those in the United States. It was clearly recognized and followed in this state in *Kline* v. *State*, 44 Miss., 317. See 18 Am. & Eng. Enc. L., 571, with note 13. See, also, *Bloodgood* v. *Railroad Co.*, 18 Wend., 9.

*Reversed and remanded.*