Franklin M. Gross v. James H. Todd et al.

[47 South. 801.]

1. Evidence. *Articles of copartnership. Parol to vary.*

    A written contract for a partnership in the business of "overhauling machinery" cannot be altered by parol evidence showing that one of the partners was to teach the other a trade.

2. Judgments. *Res adjudicata. Series of notes. Defenses.*

    A judgment for the plaintiff in a suit on the first of a series of notes given for the same consideration, begun before the maturity of the others, maintaining in part the defense of failure of consideration made by defendant and measuring its extent to be less than the amount of the first note, is *res adjudicata* of and a complete answer to the same defense when made to a suit on the other notes of the series.

From the circuit court of Pontotoc county.

Hon. Eugene O. Sykes, Judge.

Gross, appellant, was plaintiff in the court below; Todd and another, appellees, were defendants there. From a judgment in plaintiff's favor for a sum much less than his demand, plaintiff appealed to the supreme court.

The suit was upon the second of a series of three promissory notes given appellant by appellees; the first note was for $50 and the others for $100 each, and they were all executed by appellees as a consideration for the investiture in one of the defendants of an interest in the business of the appellant, evidenced by the following writing:

"Contract. Oct. 11, 1902. State of Misssissippi, Pontotoc county: This agreement between F. M. Gross and J. H. Todd, which formed a partnership in overhauling machinery as full partners anywhere in the south and southwest and northwest, and the proceeds to be equally divided as the work is done. He, J. H. Todd, would do everything in his power to learn and assist

F. M. Gross in carrying on this year's work. J. H. Todd agrees to put in all of his time from the 1st of October, 1902, to October 1, 1903. To secure F. M. Gross in the performance of this work he puts in one mare called Maud, one-half set harness, one-half machine wagon, one-half of tools and fittings which is his property, which now is at J. H. Todd's house, Thaxton, Mississippi, valued at about four hundred and fifty ($450.00) dollars. Should J. H. Todd fail to perform his part of this contract, said property shall revert to F. M. Gross:

"(Signed)     J. H. TODD."

On the trial it was shown that separate suits had been brought by Gross on each of the three notes, and that at a former term of court judgment had been rendered in the first suit on the note for $50; the jury in that suit having passed upon the defense of a failure of the consideration for which the notes were given and, by finding a verdict in plaintiff's favor for only $5, had thereby decided that the defendants were entitled only to a credit of $45, because of a partial failure of the consideration for which all the notes were given. On the trial of the present case the appellees were permitted to make the same defense, and the jury returned a verdict in plaintiff's favor for $12.50.

*Mitchell & Mitchell,* for appellant.

As the contract between the parties was in writing, it was error to permit parol evidence to be offered to show that appellant was to teach Todd, appellee, a trade. Every agreement of the two parties was written in the contract, and it of course spoke for itself. The only consideration for the notes was the interest bought from Gross by Todd in the tools, fittings and wagon. No effort is made to show that these things were not as represented or that Todd did not receive them, but the only defense was that Gross did not carry out the partnership agreement. Now, no violation of the partnership agreement could be available as a defense to the non-payment of the notes; for Todd

got what he bought, namely, a joint ownership with Gross in the tools and other property mentioned in the written contract.

Todd, the appellee, testified that he had no defense to the $100 note in question except that which he had already pleaded in the former suit of Gross against him on the $50 note; and it is shown that in the former suit the value of that defense had been passed upon by a competent jury and verdict and judgment rendered as to same. In other words, the jury, in the former suit, decided that Todd's whole defense could avail him only to the amount of $45, the difference between the $50 note and the $5 verdict. How is it possible then that appellee can interpose the same defense to an action against him on the $100 note or on the third note of the series? It is virtually permitting a defendant to avail himself, and receive the benefit of, the same set-off in two actions brought against him by the same plaintiff. This conclusion is inevitable. In the present case the jury placed a higher value on the defense than did the jury in the former case unappealed from. Shall the appellees be again allowed the same defense to the remaining note of the three, thus allowing them the use of such defense three separate times against different demands, and availing themselves each time of such value as a different jury may see proper to assess? The idea is preposterous. See *Davis v. Hart,* 66 Miss. 642, 6 South. 318; *Gardner v. Buckbee,* 3 Cow. 127; *Bouchard, v. Dias,* 3 Denio, 243; *Lumber Co. v. Buchtel,* 101 U. S. 638; Wells on Res Judicata, §§ 210, 221, 285; and *French v. Howard,* 14 Ind. 455.

*Fontaine & Fontaine,* for appellees.

Consideration, want of consideration and failure of consideration can always be shown in evidence. Todd, the appellee, was a competent witness. There is no written contract or agreement showing what the consideration of the note was, or showing that the consideration had failed. There is nothing in the

partnership agreement relied on by appellant to show what was the consideration for the three notes.

A failure of consideration implied that there was a consideration sufficient to support the contract, but that the consideration had subsequently and without fault of defendant failed wholly or in part. 3 Words and Phrases, 3637. And it is not the recovery, but the matter, alleged by the parties and upon which the recovery proceeds, which creates estoppel. *Lumber Co. v. Buchtel,* 101 U. S. 638. The case of *Davis v. Hart,* 66 Miss. 642, 6 South. 318, confines the estoppel to trial on the merits alone, and not the amount of recovery.

WHITFIELD, C. J., delivered the opinion of the court.

The contract in writing, of October 11, 1902, signed by J. H. Todd, made between F. M. Gross and himself, was the sole expository of its own terms, and the parol evidence offered to show that Gross was to teach Todd a trade was erroneously admitted, since it altered the terms of that contract. Todd admitted, on the witness stand, that his defense was precisely the same against each of the three notes; that there was no difference whatever, in any respect, between his defense to the first note of $50 and the two other notes for $100 each. The jury had measured the full value of his defense in the suit on the $50 note, and fixed that value at $45, rendering a judgment for the plaintiff in that suit for $5 only. On this state of case *Davis v. Hart,* 66 Miss. 642, 6 South. 318, settles the proposition that the first judgment for $5 on the $50 note was *res judicata* as to the value of the defense in its entirety, and that defense, consisting simply of failure of consideration, should not have been allowed to be interposed in either of the other two suits, since the jury had measured how much the consideration had failed in the first suit, and fixed the amount of such failure at $45.

*Reversed and remanded.*