LADNIER *v.* STATE.

(En Banc. Nov. 11, 1929.)

[124 So. 432. No. 27795.]

R. C. Cowan and W. T. Moore, both of Gulfport, for appellant.

J. A. Lauderdale, Assistant Attorney-General, for the state.

Argued orally by **W. T. Moore** and **R. C. Cowan,** for appellant, and **J. A. Lauderdale,** Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of manslaughter under section 1235, Code of 1906 (Hemingway's Code 1927, section 1014), which provides:

"Every person who shall administer to any woman pregnant with a quick child any medicine, drug, or substance whatever, or shall use or employ any instrument or other means, with intent thereby to destroy such child, and shall thereby destroy it, shall be guilty of manslaughter, unless the same shall have been advised by a physician to be necessary for such purpose."

The indictment does not allege that the defendant, the appellant here, acted under the advice of a physician in destroying the unborn child, and a demurrer challenging the sufficiency of the indictment for that reason was overruled. The indictment does allege that the defendant's act was unlawfully and feloniously done, contrary to the form of the statute in such case made and provided.

The crime defined by the statute is not the destruction of an unborn child merely, but is the destruction of such a child without the advice of a physician so to do; consequently an indictment therefor is incomplete without an allegation to the effect that the destruction of the child was not advised by a physician. It is true that acting under the advice of a physician appears in the statute in the form of an exception, but, nevertheless, this court, in a long line of decisions in accord with the

authorities in other jurisdictions, has held that an indictment charging the commission of the crime defined by such statute must negative the exception therein; otherwise, the offense defined by the statute is not charged. State v. Craft, Walk. 409; Kline v. State, 44 Miss. 317; Thompson v. State, 54 Miss. 740; Barber v. Levy, 73 Miss. 484, 18 So. 797; Bennett v. State, 100 Miss. 684, 56 So. 777; State v. Speaks, 132 Miss. 159, 96 So. 176; Dawsey v. State, 136 Miss. 18, 100 So. 526.

In Smith v. State, 112 Miss. 802, 73 So. 793, 794, it was held that the exception in this statute was negatived by an allegation in the indictment that the act with which the appellant was there charged "was unlawfully and feloniously done." This reason for upholding the indictment would have sustained probably all of those under consideration in the cases hereinbefore cited; certainly it would have the two last cited. The case is not in accord with the authorities, and is therefore overruled.

Reversed and remanded.