CARR *et al. v.* STATE.

(Division A. Jan. 2, 1940.)

[192 So. 569. No. 33696.]

536

R. W. Boydstun, of Louisville, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellants were convicted for transporting intoxicating liquor. Their main complaint is that the State's evidence was obtained by an unlawful search of an automobile. The sheriff of the county was informed by another, who had also gotten his information from another, that the appellants would transport intoxicating liquor through the county on a certain day in an automobile, the license tag number of which was given the sheriff. Acting on this information, the sheriff watched for and stopped the automobile and found some cases of intoxicating liquor therein. After testifying that he acted on the information given him in searching the automobile, he stated that he had made an affidavit for a search warrant before a justice of the peace, whereupon the district attorney said that was not necessary if "you had credible information." Afterwards, more particularly on cross-examination, he testified fully as to having obtained the warrant for searching the car and having it with him at the time he made the search, though he did not then inform the appellants thereof. The warrant was not introduced in evidence and the sheriff said that he had made his return thereon and delivered it to the justice of the peace. No objection to the evidence was made on the ground that the affidavit and warrant were not produced. This being true, the failure of the State to introduce the affidavit and warrant in evidence was

waived and cannot now be assigned for error. But the appellants say that the information which the sheriff had did not amount to probable cause for the reason that he knew that his informant was acting on hearsay, and not on his own knowledge. The issuing of a search warrant on the affidavit made by the sheriff is res adjudicata of its sufficiency and cannot be here inquired into. That the sheriff failed to inform the appellants of the warrant before searching the automobile does not affect the admissibility of the evidence obtained by him thereunder. Forshee v. State, 152 Miss. 566, 120 So. 462.

The appellants' complaints, based on the assumption that the search of the automobile was made without a warrant therefor, disappears in the light of the foregoing.

The testimony of Carl Carr discloses guilt on his part, and whether R. M. Carr was also guilty was, on the evidence, for the determination of the jury.

Affirmed.