PHILLIPS *v.* STATE.

No. 41592          October 10, 1960          123 So. 2d 449

*Fountain D. Dawson,* Greenville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

██ █ Appellant Carrie Bell Phillips was convicted in the Circuit Court of Washington County of criminal abortion. The evidence amply warranted the jury in finding her guilty of a violation of Miss. Code 1942, Rec., Sec. 2223, being Miss. Laws of 1952, Ch. 260. The testimony of the prosecuting witness and her doctor, a specialist in obstetrics and gynecology, clearly showed that she was pregnant with child; that the prosecutrix paid appellant $25 to cause her to have an abortion or miscarriage; and that the act was not necessary for the preservation of the mother's life, but in fact was the product of a willful purpose by appellant to cause the abortion by the prosecutrix, which subsequently occurred.

██ █ The indictment charged all elements of the crime, including, ''the same not being done as necessary for the preservation of the life'' of the prosecutrix. It followed the terms of Section 1 of the act, which defines the offense. Appellant contends that it is void on its face, because the indictment does not further state, in the terms of paragraph 2 of Sec. 2223, that it was not necessary for the preservation of the mother's life, ''unless upon the prior advice, in writing, of two reputable licensed physicians.'' However, this additional averment was not necessary. Appellant relies upon Ladnier v. State, 155 Miss. 348, 124 So. 432 (1929). That decision was based upon a prior statute, repealed by the 1952 law. *Ladnier* held the charge of the crime must negative the exception. The present indictment did that, by averring that the miscarriage was not necessary for the preservation of the life of the prosecutrix. In short, the indictment negatived the exception in paragraph 1. The provision definitive of that exception, as set forth in paragraph 2 of Sec. 2223, is simply a further description of the meaning of the exception in paragraph 1. It need not be included in the indictment.

██ █ Appellant asserts the state's failure to introduce in evidence the search warrant and the affidavit

for it was error. A police officer testified that he obtained a search warrant for appellant's residence and served a copy of it on defendant before the search. After the instruments used for the abortion were introduced in evidence, appellant objected, "because there has been no evidence to show they were lawfully taken." Appellant did not object on the ground that the affidavit and search warrant were not introduced in evidence. The objection was ambiguous and indefinite. Hence the failure of the state to introduce these documents in evidence was waived, and cannot now be effectively assigned as error. Boutwell v. State, 165 Miss. 16, 26-28, 144 So. 479 (1932); Carr v. State, 187 Miss. 535, 192 So. 569 (1940). ██ █ Appellant's complaint that the court sustained an objection to her cross-examination of the prosecutrix, as to who was the father of the crild, has no merit. Paternity is usually irrelevant in a prosecution for criminal abortion.

██ █ Appellant signed a confession of the offense, which was placed in evidence after a preliminary hearing showing the instrument was freely and voluntarily given. Several sentences in it contained admissions by defendant of other abortions which she had performed on other people. Appellant objected to the confession, on the ground it contained statements and reference to other crimes. This objection was sustained in part. The trial court ordered the court reporter to delete from the confession statements relating to other crimes, and, as so modified, the statement was exhibited to the jury, which did not have before it the statements with reference to other crimes. Thereafter appellant's counsel objected to the modified confession, because of the modification. This objection was overruled. There is no merit in the contention this action of the trial court was error. First, appellant cannot complain because the deletion from the confession of appellant's admissions concerning other crimes was beneficial and not harmful to her. Second, when parts of a confession of one crime

charged can be separated from those relating to other offenses, only those parts which are material to the crime charged should be received in evidence. 20 Am. Jur., Evidence, Sec. 489, Anno., 2 A. L. R. 1030, 26 A. L. R. 541; Sanders v. State, 237 Miss. 772, 115 So. 2d 145 (1959). ■■ ■ And third, as held in *Sanders,* the trial judge has the power in his sound discretion to limit the introduction into evidence of those portions of a confession which are relevent and material, although of course the accused is entitled to put in evidence all that was said by him which bears upon the subject of the controversy. There was no abuse of judicial discretion in this respect.

Affirmed.

*Hall, P. J.,* and *Lee, Holmes* and *McElroy, JJ.,* concur.