ETHRIDGE, Chief Justice.
Pascagoula Veneer Company, appellee, was indicted in the Circuit Court of Jackson County for unlawfully polluting the outdoor atmosphere in the area of its plant by the discharge of dust, smoke and fumes. The indictment was based upon the Mississippi Air and Water Pollution Control Act of 1966. Miss.Code 1942 Ann. §§ 7106-111 to 7106-136 (Supp.1968). At the close of the State’s evidence, the circuit court gave a directed verdict for defendant, from which the State appeals. We affirm.
Code section 7106-118 (a) of the Air and Water Pollution Control Act provides:
It shall be unlawful for any person to build, erect, alter, replace, use or operate any equipment which will cause the issuance of air contaminants unless he holds a permit from the Commission, except repairs or maintenance of equipment for which a permit has been previously issued. The Commission may revoke or modify any permit issued hereunder or deny any permit when it is necessary in the opinion of the Commission to prevent, control or abate air pollution. A permit shall be issued for the operation *287 or use of any equipment or any facility in existence upon the effective date of any rule or regulation requiring a permit, if proper application is made therefor, and no such permit shall be modified or revoked without prior notice and hearing as herein provided. Any person who is denied a permit by the Commission or who has such permit revoked or modified shall be afforded an opportunity for a hearing in connection therewith upon written application made within thirty (30) days after service of notice of such denial, revocation or modification. The operation of any existing equipment or facility for which a proper permit application has been made shall not be interrupted pending final action thereon.
Code section 7106-127(a) states that any person “found guilty of violating any of the provisions of this act, or any written order of the Commission in pursuance thereof, shall be deemed guilty of a misdemeanor * * íji »
The- indictment charged:
* * * That Pascagoula Veneer Company, a corporation late of the County aforesaid, on the 12th day of October in the year of our Lord 1967, in the County aforesaid, did unlawfully and wil-fully pollute the outdoor atmosphere over, around and in the area of said plant by discharging dust, smoke, fumes materially injurious to the surrounding property, all of which unreasonably interferred with the enjoyment of said surrounding property against the peace and dignity of the State of Mississippi.
The State’s evidence made an issue for the jury on whether there was pollution of the air by the defendant’s plant. However, both the indictment and the evidence were insufficient to charge the statutory offense of air pollution. Code section 7106-118 makes it unlawful for a person to operate equipment “which will cause the issuance of air contaminants unless he holds a permit from the Commission * * The “unless” clause is not separated from the preceding description of the prohibited offense. The act defines the offense as the issuance of air contaminants without a permit from the Commission. The State’s evidence must show not only the issuance of air contaminants, but also the absence of a permit from the Commission.
The legislative intent is evidenced also by the remainder of the quoted part of section 7106-118(a). A contrary interpretation, which would require only the issuance of air contaminants to constitute the offense, would have made every offending industrial plant in the State guilty of a continuing misdemeanor immediately upon enactment of the statute in 1966. Yet this manifestly was not the legislative intent. The same section requires the Commission to issue a permit for the operation of “any equipment or any facility in existence” upon proper application. This provision was intended to preclude criminal liability until the Commission had opportunity to examine the numerous industrial facilities in the State. The same section further states that operation of existing equipments or facilities for which permit applications have been made “shall not be interrupted pending final action thereon.” These factors support this interpretation of the two characteristics of the statutory offense, namely, the issuance of air contaminants without a permit from the Commission. The trial court erred in holding that there could not be a prosecution under the act without violation of a specific Commission order. Both violation of an order and air pollution without a permit from the Commission are condemned offenses.
Ordinarily it is not necessary to negative an exception contained in a statute creating a criminal offense. Bennett v. State, 100 Miss. 684, 56 So. 777 (1911). However, the indictment and the state’s evidence must negative an exception contained in a statute defining an offense *288 where it forms a portion and an element of the description of the offense. 42 C.J.S. Indictments and Informations § 140 (1944) ; 41 Am.Jur.2d Indictments and In-formations §§ 98-102 (1968). In short, although the accused ordinarily has the burden of proving that he is within the exception to a statute creating an offense, where the terms of the exception are part of the description of the offense, the burden is on the State to prove that accused is not within such exception, except where the facts to prove such negative are peculiarly within the knowledge of accused. 22A C.J.S. Criminal Law § 572 (1961).
Three cases from this jurisdiction illustrate circumstances in which the exception must be negatived by the State. In State v. Speaks, 132 Miss. 159, 96 So. 176 (1923), a charge of unlawfully having in possession a still or integral part thereof was held to be inadequate where it did not also charge the statutory exceptions. It was said that an exception must be charged were it “is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the act or omission which constitutes the offense.” Ladnier v. State, 155 Miss. 348, 124 So. 432 (1929), held that an indictment averring manslaughter by destroying an unborn child did not charge the offense, where there was no allegation that destruction of the child was not advised by a physician. Kline v. State, 44 Miss. 317 (1870), held that an indictment of a merchant for selling on Sunday was defective, because it did not also charge that he was not an apothecary druggist.
Since both the indictment and the State’s evidence failed to show that defendant was polluting the air without a permit from the Air and Water Pollution Control Commission, the directed verdict for defendant was properly given by the trial court.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.