GRIFFIN, Justice, for the Court:
This case, concerning an injunction bond, comes to the Court from the Chancery Court of the First Judicial District of Hinds County, which upon dissolution of a temporary restraining order and dismissal of the underlying complaint, released the cash injunction bond to Paul Snow, the obligor, making no award of damages to the appellants. We affirm.
On January 6, 1986, Paul Snow sued Donald G. Ray, Byron H. Lasky, Arlington Housing Services Corporation, Houston House Investors, Ltd., and F.S.C. Securities Corporation, alleging breach of contract, fraud and violation of securities’ laws in connection with his purchase of a partnership interest in the Houston House Apartment Complex in Houston, Texas. Snow had previously paid three installments, to-talling $38,717., toward his partnership interest, and was liable for an additional $34,-503., secured by a letter of credit from Deposit Guaranty National Bank, due on January 10, 1986.
Simultaneously, Snow sought a temporary restraining order, forbidding payment on the letter of credit, which Chancellor Stuart Robinson approved. Snow then posted a bond for $7,500. for “any damages as a result of the Temporary Restraining Order.”
On January 24, 1986, the appellants moved to dissolve the restraining order, which Chancellor Robinson denied. Undaunted, on February 4, 1986, the appellants moved to dismiss the complaint pursuant to M.R.C.P. 12(b)(6). At this point, Chancellor Robinson, on his own motion, recused himself.
When Special Chancellor Billy G. Bridges then heard Snow’s motion for a preliminary injunction as well as the appellants’ renewed motion to dissolve, he found that the “facts testified about and related to this Court by agreement of the parties do not sufficiently state a cause of action to sustain the temporary restraining order and a preliminary or temporary injunction.” *395 Consequently, Chancellor Bridges dissolved the temporary restraining order on March 13, 1986. Six days later, Snow moved to release the $7,500 bond, and voluntarily dismissed his complaint against the appellants.
On May 27, 1986, the appellants filed a motion to ascertain damages, arising from the injunction. A week later, Chancellor Bridges denied this motion, finding it moot, and returned the cash bond to Snow.
The appellants contend that the chancellor erred when he returned the $7,500. bond to Snow, finding that their motion for a hearing to ascertain damages was moot. Specifically, they cite the chancellor’s dissolution of Snow’s temporary restraining order as well as Snow’s subsequent dismissal of the separate complaint to justify their claim for damages.
M.R.C.P. 65(c) reads in part:
No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney’s fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.
In addition, M.R.C.P. 65(e) reads, “Injunc-tive powers heretofore vested in the circuit and chancery courts remain unchanged by this rule.” See also, M.R.C.P. 65(e) comment (“[T]he injunctive powers Mississippi Courts have had prior to the rule remain intact, being neither abridged nor enlarged by the rule.”)
Miss. Code Ann. § 11-13-37 (1972) states,
Where the party claiming damages shall desire, upon the dissolution of an injunction, to have the same ascertained and decreed by the chancellor or the chancery court, he shall suggest in writing, on the hearing of the motion to dissolve the injunction, the nature and amount of the damages; and the chancellor or court shall hear evidence, if necessary, and assess the damages, and decree the same to the party entitled thereto, for which execution may be is-
sued, as in other cases, against the obli-gors in the bond given for the injunction. And if the chancellor, instead of hearing evidence as to said damages — which may be by witnesses examined before him in vacation or in term time, or by disposition, according to the circumstances— shall see proper, he may make a reference to a master to take testimony and report in such matter. But nothing herein contained shall prevent the party entitled from maintaining a suit on the injunction bond, if his damages shall not be assessed as herein provided for. (emphasis added)
See also, V.A. Griffith, Mississippi Chancery Practice, § 462 (2nd. ed. 1950):
[U]pon dissolution of an injunction the damages may be ascertained by the court or chancellor, and that thereupon the same may be assessed and decreed to the party entitled thereto, for which execution may be issued as in other cases, against the obligors in the bond given for the injunction. In order however that the party entitled thereto may have his said damages ascertained and decreed by the chancellor or the chancery court, he shall suggest in writing, on the hearing of the motion to dissolve the injunction, the nature and the amount of the damages.... (emphasis added)
The language of § 11-13-37 is clear, and its provisions have remained unchanged for over one hundred years: the party claiming damages under an injunction bond must, on the hearing of the motion to dissolve, file a written suggestion of damages, listing their nature and amount. See, § 1919, Code of 1880.
In this case, the appellants failed to file a suggestion of damages, when they moved to dissolve the temporary restraining order. In fact, two months elapsed between the restraining order’s dissolution and the appellants’ motion to ascertain damages. Finally, upon their filing, the appellants failed to specify the amount of damages, listing only “lost interest, attorneys’ fees, expenses, and other damages.”
Quite properly, the chancellor found the issue moot, since the appellants had failed *396 to follow the procedure established in § 11-13-37, neither filing seasonably nor specifying the amount of their damages. Nevertheless, consistent with § 11-13-37, the appellants, though unsuccessful in this proceeding, may maintain a separate action for costs, damages, and reasonable attorneys’ fees. See also, Barber v. Levy, 73 Miss. 484, 486, 18 So. 797, 798 (1895).
Therefore, we affirm without prejudice to the appellants.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PRATHER, J., not participating.