PETE HODNETT v. THE STATE.

1. CARRYING CONCEALED WEAPONS. *Ex post facto law. Act of March* 9, 1888.
   The act of the legislature approved March 9, 1888, entitled "an act to amend ₹ 2985 of the code 1880 in reference to carrying concealed weapons" (Acts 1888, p. 89), is *ex post facto* and void as to offenses committed prior to its passage.

2. REPEAL BY EX POST FACTO LAW.
   Though *ex post facto,* said act repealed so much of ₹ 2985 of the code of 1880 •as fixed the penalty for carrying concealed weapons and prescribed a new and severer punishment. Its effect was that carrying concealed weapons prior to its passage was no longer punishable under the laws of this state.

3. INDICTMENT. *Repealed statute.*
   Accordingly, an indictment in May, 1888, which alleges carrying a concealed weapon in January, 1888, charges no offense, and should be quashed.

4. SUCH LAW NOT AIDED BY STATUTE OF JEOFAILS.

　　Such indictment is not aided or relieved by virtue of § 3013, of code 1880, which provides that, "no indictment for any offense shall be held insufficient for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened." Such an act cannot create an offense where none otherwise exists.

5. SAME. *Indictment.*

　　An indictment which charges that the act was committed at a time when there was no law making it punishable is fatally defective.

6. SAME. *Essence of offense, what is.*

　　The essence of an offense is some essential element or constituent without which it would not be an offense.

7. SAME. *Time is of essence, when.*

　　Where an indictment for carrying concealed weapons has been found since the date of the said act March 9, 1888, time is of the essence of the offense, because it depends upon the time when the act was committed whether it was a punishable offense or not.

　　APPEAL from the circuit court of Oktibbeha county.

　　HON. LOCK E. HOUSTON, Judge.

　　The facts are stated in the opinion.

　　*Frank A. Critz,* for the appellant.

　　The act of March 9, 1888, in reference to carrying concealed weapons, has recently been held to be *ex post facto* as to offenses committed prior to its passage. *Lindzey* v. *The State,* 65 Miss. 542. An indictment for carrying a pistol on January 30, 1888, is, therefore, fatally defective. If an indictment after March 9, 1888, for an offense *actually* committed prior to that date is void, then such an indictment which charges appellant with carrying a pistol on January 30, 1888, is void on its face.

　　None of the provisions of § 3013, code 1880, apply to this case. The time here is plainly fixed upon a possible day in the past, and time is of the essence of the offense so far as the case at bar is concerned. Time is immaterial so long as the indictment alleges a

time which if proved will sustain a conviction, but if it fixes a time when the offense was unknown to the law it is void upon its face. The principle is clearly announced in *De Marco* v. *The State*, 59 Miss. 357. That case is the very opposite of this case. There the offense was the same under the codes of 1871 and 1880. The time is immaterial so long as the time fixed by the indictment and the time fixed by the proof are under the same or similar statutes. And that indictment, which fixed the time after the adoption of code 1880, would have been fatally bad on motion to quash or in arrest of judgment if it had charged an offense which did not exist under that code.

*T. M. Miller*, attorney-general, for the state.

In the absence of a bill of exceptions, it is impossible to say when the offense charged was committed, whether before or after March 9, 1888. Conceding that a party charged with carrying concealed weapons prior to the date of said act cannot now be convicted and punished, as lately held in *Lindzey* v. *The State*, it is submitted that under § 3013 the point cannot be raised by a motion to quash or by a motion in arrest.

As to the offense in question (viewing the act of 1888 as a new law), the date laid in the indictment was an impossible day just as much as if it had been a date anterior to the creation of Mississippi as a state.

I am at a loss to perceive how time can be of the essence of the offense of carrying concealed weapons. It is not material whether they are carried on a week-day, or on the Sabbath, or for any length of time, nor is the time of year material. The purpose of the statute was to prevent a failure of justice on account of errors, in alleging dates likely to be merely clerical. This purpose is plain, when it is observed that insufficiency shall not be predicated of an indictment stating an offense to have been committed on a day subsequent to the finding. Time is of "the essence of the offense" only in cases where the proof, in that regard, must be confined to the day alleged, and that is not the case here. For aught the court knows, the offense was committed, and so proved, after March 9, 1888.

ARNOLD, C. J., delivered the opinion of the court.

Appellant was indicted in May, 1888, for carrying a concealed weapon in January, 1888. He moved to quash the indictment, because the act with which he was charged was not an offense at the date of its alleged commission, and there was no law by which such act, committed at that date, could be punished. The motion was overruled, and the defendant was convicted and appealed.

The act of March the 9th, 1888, amending the law in regard to carrying concealed weapons, changed the character of, and the penalties for, the offense, in such manner as to render it an *ex post facto* law as to such offenses committed prior to that date, and it left no law in force by which they could be punished. The effect of the act was, that carrying concealed weapons before its passage, was no longer an offense under the laws of the state, and that carrying concealed weapons after its passage, was an offense, punishable as therein provided. *Lindzey* v. *The State,* 65 Miss. 542.

In this condition of the law, the indictment charged no offense. If appellant had pleaded guilty, he could not have been punished under it.

On demurrer or motion to quash, it is admitted, and must be assumed, that the facts stated in the indictment are true, and that the offense was committed at the time therein specified. If it be charged, that the act was committed, at a time, when it was no offense, the indictment will be insufficient. 1 Bish. Cr. Pro., §§ 403, 404.

That is the case at bar, and as the indictment, fixes the date of the act, at a time, when it constituted no violation of law, it is not relieved by § 3013 of the code which provides, that " no indictment for any offense, shall be held insufficient, for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened." The infirmity of the indictment, is not a failure to state the time at which the offense was committed, nor for stating it imperfectly, or on a day

subsequent to the finding of the indictment, or on an impossible day, on a day that never happened, and therefore § 3013 of the code does not apply. Whatever else may be accomplished by this section of the code, it cannot operate to create an offense, where none exists.

Besides, it may be said that time is of the essence of the offense in cases like the one at bar. The essence of an offense is some essential element or constituent, without which it would not be an offense. Time is of the essence here, because it depends upon the time when the act was committed, whether it was an offense punishable by law or not. "When," says the supreme court of Massachusetts, "a statute makes an act punishable from and after a given day, the time of the commission of the act is an essential ingredient of the offense, to the extent that it must be alleged to have been after that day." *Com.* v. *Maloney,* 112 Mass. 283.

*Reversed and dismissed.*