SOPHRONIA MURDIN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Deadly weapons. Carrying concealed. Code* 1892, §§ 1620, 1027. *Threats. Instruction.*

> Where the evidence on the trial of an accused for carrying a deadly weapon concealed, under Code 1892, §§ 1026, 1027, regulating the subject, showed that defendant had been threatened and the threats communicated to her, it is error to ignore the threats and instruct the jury to convict upon the belief that she carried the weapon concealed.

FROM the circuit court of Adams county.

HON. JEFF TRULY, Judge.

Mrs. Murdin, appellant, was charged, tried and convicted for carrying a deadly weapon concealed, and appealed to the supreme court. The opinion sufficiently states the facts.

*Charles F. Engle*, for appellant.

From the five witnesses introduced by appellant to prove the threats made against her it appears strongly, firmly, clearly that if there ever can be a case in which a person is justified in carrying concealed weapons it was in this case.

The fourth instruction of the state disregards entirely the defense interposed by appellant. The defect was not cured by the instructions given for appellant. To the jury two conflicting propositions were presented. The instruction for the state should have gone further and stated "unless they further believe that she had been threatened with a serious attack by an enemy and did so apprehend such an attack," or words to like effect.

Going to the jury, as it did, containing the bare and naked statements that if she carried the pistol concealed she is guilty, certainly misled the jury to the great injury of appellant.

*J. N. Flowers,* assistant attorney general, for appellee.

A judgment will not be reversed by this court because in an instruction for the state a defense interposed by the accused is ignored if the instructions for the defense correctly state the law.    *Skates* v. *State,* 64 Miss., 644.

WHITFIELD, C. J., delivered the opinion of the court.

The only instruction given for the state is fatally erroneous. It is true that in *Skates* v. *State,* 64 Miss., 644, 1 South., 843, 60 Am. Rep., 70, the court held that it would not reverse, because the whole body of instructions taken together announced the law correctly, although one of the instructions for the state ignored a special feature of the defense; but that is not our case.    This offense created by statute has by the same statute an exception named, which, if it exists, makes the party not guilty though he should carry the weapon concealed; and yet the state asked but one instruction, and attempting, by that instruction, to define the offense, told the jury to convict appellant upon proof merely that she carried the weapon concealed, although there was testimony clearly showing — if the jury believed it — that she carried the pistol because of the threats that had been made against her and communicated to her.    It is true, one or two of the witnesses who testified to threats said they never told her until after the trial in the court of the justice of the peace, and there would be some force in the argument for the state that she could not therefore have carried the pistol because of threats of which she had not heard, if the case rested on the testimony of these witnesses.    But, as stated, other witnesses testify that they had heard threats, and communicated them to her, before she carried the pistol.    On this state of the evidence the charge for the state — especially when only one is given — should have contained the qualification that she was not guilty if she carried the pistol because of the

communicated threats; otherwise, the jury were left at large as to the law.

> *Reversed and remanded.*