STATE v. SPEAKS.

[96 South. 171. No. 23337.]

1. INDICTMENT AND INFORMATION. *Where exception in criminal statute is incorporated with substance of portion defining offense, it must be negatived.*

Where an exception in a criminal statute is so incorporated with the substance of that portion of the statute defining the offense as to constitute a material part of the description of the act or omission which constitutes the offense, such exception must be negatived by proper averment of the indictment, and, if this is not done, the indictment charges no offense.

2. INTOXICATING LIQUORS. *Indictment for possession of still required to negative exceptions.*

Under chapter 211, Laws of 1922, the first section of which provides that it shall be unlawful for any person or corporation to own or control or knowingly have in possession a still or any integral part thereof "except as hereinafter provided," and in the third section of the statute the exceptions referred to in the first section are set out, an indictment which charges the offense as defined in the first section without negativing by proper averment the said exceptions, charges no offense.

APPEAL from circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Pete Speaks was indicted for the crime of owning, controlling, and having in his possession the integral parts of a still, and from an order sustaining a demurrer and quashing the indictment, the State appeals. Affirmed.

*S. C. Broom,* for appellant.

The demurrer recites, "(1) That the indictment charges no offense under the laws of the state." In answer to this, we respectfully call the attention of the court to section 1, chapter 211, Laws of 1922, as above stated. It will be observed that the legislature in its wisdom, and for good and sufficient reasons no doubt, found it necessary to enact a law prohibiting any person or corporation having in their possession any "still," or integral part thereof. Many years ago it was found necessary to enact a statute prohibiting any person from carrying deadly weapons concealed. They had good and sufficient reasons for so doing, as in the present case with stills. The demurrer further states, "(2) The indictment does not charge that the de-

fendant did own, control and knowingly have in his possession the integral parts of a still used or to be used for the manufacture of intoxicating liquors."

In answer to this, we desire to call the attention of the court to the fact that nowhere in chapter 211 of the Laws of 1922, do we find any mention made of intoxicating liquor. It simply appears that the legislature as above stated had good and sufficient cause to prohibit any person from having in their possession any still, or integral part thereof, other than those provided for in the exceptions to this act in section 3 of said chapter 211, Laws of 1922. The very same is true with reference to section 829, Hemingway's Code, with reference to carrying deadly weapons concealed. Nowhere in that section will you find it mentioned that the purpose of the law was to prevent men from carrying concealed weapons with which to take human life. Section 831 of Hemingway's Code, recites the exceptions under the law of carrying deadly weapons with which to take human life. Section 831 of Hemingway's Code, recites the exceptions under the law of carrying deadly weapons concealed just as section 3 of chapter 211, Laws of 1922, recites the exceptions as to those having stills in their possession. Section 831 of Hemingway's Code, with reference to deadly weapons recites as follows: "And the burden of proving either of said defenses shall be on the accused." We submit that the very same rule should be applied in this case, and that it was the intent of the legislature that such should be the rule.

I think the court will take judicial notice of the fact that chapter 211 of the Laws of 1922, is a supplemental act to further promote temperance for the suppression of the manufacture of and sale of intoxicating liquors; and it should therefore be construed in connection with other acts pertaining to intoxicating liquor. It is not expressly stated in chapter 211 of the Laws of 1922, that this is a supplemental act, or that it is for the purpose of the suppression of the manufacture and sale of intoxicating liq-

132 Miss.—11

uors, yet there is not a man in Mississippi who does not know that this was, and is, the purpose of this law.

With reference to the general prohibition law, we find in section 2154 of Hemingway's Code, that it is not necessary to negative exceptions under the act of Laws of 1916. We have observed that it is not necessary to negative the exceptions under the law of concealed weapons; that the exceptions are a matter of defense, and so it is with the still, or an integral part thereof. The demurrer to the indictment further charges, "3 That the indictment fails to charge defendant with possession of facts from which the court can determine whether or not the alleged part of a still is in fact an integral part of a still, for the manufacture of liuors in violation of law." Our answer to this is that this is a question of fact to be determined by the jury.

"Whether any weapon be a deadly one is a question of fact to be determined by the jury from the evidence, and an indictment for assault with a deadly weapon with an intent to kill and murder, which charges that the weapon used was a deadly one, is not demurrable because the weapon is not specifically mentioned among those which the statute, Code 1892, sec. 1026, make it an offense to carry concealed." *State* v. *Clink Sims,* 80 Miss. 381.

Thus it will be observed that whether the weapon is a deadly one or not, the question of fact is to be determined by the jury, and surely whether or not a worm or a copper tank, or other apparatus, is an integral part of a still would also be a question of fact to be determined by the jury. It is no more necessary to recite in an indictment the particular thing which constitutes an integral part of a still than it would be to recite in an indictment charging one with carrying deadly concealed weapons, to further recite that the pistol was a Colt or a Smith & Wesson, or some other make of revolver. The indictment charges that he did wilfully feloniously own and control and knowingly have in his possession, etc., and this of itself negatives every exception of defense under the act.

The proposition of denying exceptions contained in the law was first presented to this court in the First Volume of Mississippi Reports in the case of *State* v. *Whitnel Craft*, page 490, Walker's Report. This was an indictment under Act 1830, page 38, as follows: "It shall not be lawful for any person or persons other than the aforesaid Indians to make any settlement or attempt to cultivate any land, or lands, within the boundary of the said Indian Territory," etc.

The opinion of the court was rendered by Honorable J. T. NICHOLS, in which the court said: "It is laid down in Chitty's Criminal Law, page 284, that if exceptions are stated in the enacting clause, it will be necessary to negative them in order that the description of the crime may in all respects correspond with the statute; but that when the statute contains provisos and exceptions in distinct clauses it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Chitty's Criminal Law, 283."

This authority has never since been questioned as the correct rule with reference to denying exceptions in an indictment.

*Campbell & Campbell,* for appellee.

We agree with the attorney-general that this court will take judicial knowledge that chapter 112 of Acts 1922, page 276, was enacted to prevent the manufacture and sale of intoxicating liquors, and we further agree with him that unless the enacting clause of the acts incorporated therein the exceptions, that it was not necessary to negative the exceptions in the indictment. See *Kline* v. *The State,* 44 Miss. 317.

We do not agree with the attorney-general that the instant case is analogous to the statute on carrying concealed weapons. There is obviously a wide distinction between the offenses. Section 829 (Hemingway's Code)

and section 1103 of the Code of 1906, has no reference in it to the exceptions, but the exceptions in the case of carrying concealed a deadly weapon is contained in section 831 (Hemingway's Code) and section 1105, of Code of 1906, besides the law puts the burden of proof upon the defendant. See section 831 of Hemingway's Code. Chapter 211 of the Acts of 1922, in the enacting clause specially refers.to the exceptions by using the following language: "Except as hereinafterwards provided." See chapter 211, of Acts 1922, page 276. The use of the language except as hereafter provided is tantamount to incorporating in the enacting clause the exceptions hereafterwards.

But there is another defect in the indictment. It is well recognized principal of law when the offense can be lawfully done or when the offense is broader than the statute, then it is not sufficient to charge in the indictment the offense in the language of the statute. See *Sullivan* v. *State,* 27 Miss. 346; *Rawls* v. *State,* 70 Miss. 739.

In the latter case Judge WOODS uses this language: "It was not the purpose to make criminal the keeping of a gaming table, etc." The object to be accomplished was the prevention of gambling by imposing punishment on those who practiced that evil by providing the means of indulgence." Again, this court says in *Rawls* v. *State, supra,* "Where, under certain circumstances, one may lawfully do a thing forbidden by the literal wording of the statute, it is not sufficient to indict by use of only the statutory words under such circumstances the indictment must charge in apt language the unlawful act."

Again, the indictment is fatally defective, in that, it does not state the facts which made the keeping of the gaming table unlawful. In the instant case the defendant could lawfully have had in his possession a still or any part thereof;'and besides the evident purpose of the ·act of 1922 was to prevent the manufacture and sale of intoxicating liquor; the offense is broader than the statute, and the indictment should have charged that defend-

ant had in his possession a still or integral part thereof for the purpose of manufacturing intoxicating liquors.

The indictment does not state what part or parts of a still were under the control or possession of the defendant, Speaks; this was essential we think, so that the defendant could prepare his defense, and also that he could plead this prosecution, in bar of any subsequent prosecution for the same offense. We think the action of the court below in sustaining the demurrer was eminently proper, and this court should affirm the court below.

ANDERSON, J., delivered the opinion of the court.

Appellee was indicted by the grand jury of Yazoo county of a crime defined by Chapter 211, Laws of 1922, viz. of owning, controlling, and having in his possession the integral parts of a still. Appellant by demurrer raised the question as to whether the indictment charged any offense under said statute. The trial court sustained the demurrer and quashed the indictment, from which judgment the state prosecutes this appeal.

The indictment, leaving off the formal parts, is in this language:

"The grand jurors for the state of Mississippi, taken from the body of good and lawful men of Yazoo county, elected, impaneled, sworn, and charged to inquire in and for Yazoo county at the term aforesaid of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present Pete Speaks in said county, on the 16th day of October, A. D. 1922, did then and there willfully and feloniously own, control, and knowingly have in his possession the integral parts of a still, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

The statute under which appellant was indicted (chapter 211, Laws of 1922) is in this language:

*"Possession of a 'Still'—Declared Unlawful.*

"Section 1. Be it enacted by the Legislature of the state of Mississippi, that it shall be unlawful for any person, persons or corporations to own or control, or knowingly have in his, their or its possession any distillery commonly called a still,' or any integral part thereof, except as hereinafter provided.

*"Penalty for Violation.*

"Sec. 2. That any person or persons violating the foregoing section shall be guilty of a felony and upon conviction thereof shall be confined in the penitentiary for a term not exceeding three years or by a fine of not less than three hundred dollars or both such fine and imprisonment.

*"Exceptions under This Act.*

"Sec. 3. That it shall not be unlawful for the following to own or to have in possession a distillery or still:

. "(a) Where the same is used exclusively for the distillation of rosin products.

"(b) Where the same is used exclusively for the distillation of water.

"(c) Where the same is kept and lawfully used in any laboratory.

"(d) Where the same is in the possession of an officer of the law, to be disposed of according to law.

"(e) Where the person or corporation can prove that the same is in his or its possession for the purpose of being delivered up to an officer of the law to be disposed of according to law."

It will be observed that the indictment fails to negative by averment that appellant was not within any of the exceptions of the statute.

The authorities state the principle involved in varying phraseology, but we do not understand that there is any real conflict among them. Some of them state that, if the exception or proviso appears in the enacting clause of the statute, the indictment must negative the exception; others that, where the enacting clause defines the crime and also contains the exception, the indictment must nega-

tive the exception. It seems that the criterion may be better stated thus: Whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the act or omission which constitutes the offense. If it is so incorporated, the indictment must by proper averment negative its existence. The subject is discussed in the text and authorities cited in the notes in 14 R. C. L., pp. 188, 189, 190, section 34. See, also, *Kline* v. *State,* 44 Miss. 317; *Sullivan* v. *State,* 67 Miss. 346, 7 So. 275; *Rawls* v. *State,* 70 Miss. 739, 12 So. 584.

The appellant was indicted for owning, controlling, and knowingly having possession of parts of a still. Under the statute it is not unlawful to have either parts of a still or an entire still in one's possession for the distillation of rosin products or of water or where the same is kept and lawfully used in a laboratory, or where it is in the possession of an officer to be disposed of according to law. If these exceptions are not negatived by proper averment, no offense is charged.

Under sections 1103, 1104, 1105, Code of 1906 (Hemingway's Code, sections 829, 830 and 831), making it a crime to carry concealed certain weapons therein described and prescribing the punishment therefor, the exceptions defined by said statute do not have to be negatived in the indictment because the statute provides that such exceptions are defensive alone. And, furthermore, the section of that statute defining the crime denounced does not contain the exceptions.

*Affirmed.*