DAWSEY *v.* STATE.*

(Division B.   June 16, 1924.)

[100 So. 526.   No. 24025.]

INTOXICATING LIQUORS. *Exceptions, in act making possession of still or integral part thereof offense, must be negatived.*

In an indictment, under chapter 211, Laws of 1922, for having in possession any distillery, commonly called a still, or any integral part thereof, it is necessary to negative in the indictment the exceptions contained in the act; otherwise, no offense is charged.

*Headnote 1.   Intoxicating Liquors, 33 C. J., section 447.

APPEAL from circuit court of Marion county.
HON. J. Q. LANGSTON, Judge.

A. P. Dawsey was convicted of the unlawful possession of a whisky still, and he appeals. Reversed and remanded.

*D. E. & C. W. Sullivan,* for appellant.

This indictment was returned under chapter 211, Laws of 1922, beginning at page 276. The indictment was void

and charged no offense under the law, because it did not negative the several exceptions contained in the statute. *State* v. *Speaks*, 96 So. 176.

In the Speaks case a demurrer was interposed to the indictment while in the case at bar, the defendant had no counsel and no objection was raised to the indictment, during the trial of the cause. This failure to object to the indictment makes no difference as the indictment charged no offense under the law; and a void indictment cannot become valid by omission to object to it in the trial court. The trial court has no jurisdiction to try and punish the defendant under a void indictment. It is provided in section 4936, Code of 1906, Hemingway's Code, section 3212, that judgment in a criminal case shall not be reversed for certain things, except where the errors or omissions are jurisdictional in their character, unless the records show that the errors complained of, were made ground of special exception in that court.

Of course an indictment that charges no offense does not give the court jurisdiction and it was not necessary to specially except to the indictment in the circuit court. The exception can be taken in the supreme court for the first time where the court below was without jurisdiction.

It is said in *Hardy* v. *State,* 96 Miss. 844, 51 So. 460, that an indictment void because the minutes of the court did not show that the grand jury was sworn may be objected to for the first time, by motion to quash in the court to which a change of venue has been had. In *Rogers* v. *Hattiesburg,* 99 Miss. 639, 55 So. 481, a want of jurisdiction may be raised for the first time on appeal in the supreme court from a decision of the circuit court. In this case the record had not been properly certified and objection was made to the jurisdiction in the supreme court, for the first time and sustained.

*E. C. Sharp,* Assistant Attorney-General, for the state.

A clear cut distinction can be drawn between this and the *Speaks case,* 96 So. 176. In this case, the exceptions

are negatived in two particulars: First, it is charged that the still was in his possession unlawfully. Manifestly, it would not have been unlawful if it had been in his possession for any of the purposes set out in subsections (a), (b), (c), (d) or (e) of section 3, chapter 211, Laws of 1922. The indictment specifically charges that it was a "whisky" still, and unlawfully in his possession.

With all deference to the court, we submit that the Speaks case is not in harmony with the former decisions of this court. See *Thompson* v. *State,* 54 Miss. 740; *Bennett* v. *State,* 100 Miss. 684.

We respectfully submit that the rule as announced in the Thompson and Bennett cases is more productive of law enforcement and is more likely to result in a fair and impartial determination of the guilt or innocence of one charged with crime than the rule adopted in the Speaks case.

*D. E. & C. W. Sullivan,* for appellant in reply.

It is claimed that the indictment in the case at bar charges that the defendant had in his possession a whisky still, whereas, in the Speaks case the charge was that the defendant had a still in possession, the word "whisky" not being used.

The adjective "whisky," in the indictment in the case at bar is surplusage. It was not necessary to use it and using it does not help the indictment. It is not a "whisky still," by that name, that chapter 211, Laws of 1912, applies to, but any distillery commonly called a still. The still referred to in the act may be used for several purposes. It may be used to distill water, or rosin products, or for laboratory purposes or to distill intoxicating liquor as indicated in the act and in paragraphs A, B and C of section 3.

One still may be used for any or all of the above-named purposes. All of these uses are lawful, except the dis-

tillation of intoxicating liquor. Therefore, the act pro-hibits the possession of a still for unlawful purposes only and authorizes such possession for all lawful purposes.

Suppose the supreme court should hold that it was not necessary for the indictment to negative the exceptions, then every person who possessed a still for lawful pur-poses could be indicted for the lawful possession and use of the still, and put upon trial for the purpose of finding whether he distilled intoxicating liquor. Under such con-struction of the statute every person in the state who had possession of a still for the distillation of water, rosin products and for laboratory purposes could be indicted and put upon trial, even the sheriff who had a still in his possession under seizure could be indicted and put on trial.

We submit the Speaks case was properly decided and a different decision such as contended for by the attorney-general would have a disasterous effect on a legitimate business. The reasoning in the Speaks case is so sound that we have no fear that the rule there announced will ever be changed.

SYKES, P. J., delivered the opinion of the court.

From a conviction for having in his possession a whisky still, and a judgment of the court sentencing appellant to serve a term of three years in the penitentiary, this ap-peal is prosecuted.

The only question necessary to be considered by us is whether or not the defendant is charged with any crime or offense in the indictment. Omitting the formal parts, the indictment reads that A. P. Dawsey and O. W. Dawsey "did willfully and unlawfully and felonious-ly have in their possession a whisky still, against the peace and dignity of the state of Mississippi." This indictment was attempted to be drawn under chapter 211, Laws of 1922. This court, in the case of *State* v. *Speaks,* 132 Miss. 159, 96 So. 176, held that it was neces-

sary to negative in the indictment the exceptions contained in this act by proper averment; otherwise, that no offense is charged.

The indictment in the Speaks case averred that the defendant "did then and there willfully and feloniously own, control, and knowingly have in his possession the integral parts of a still." The present indictment contains the additional word "unlawfully" and the word "whisky." The use of these two words in the present indictment does not negative the exceptions stated in the act, and it follows, under the authority of the Speaks case, this indictment charges no offense. This is not a formal defect in an indictment, which is cured after verdict.

The judgment of the lower court is reversed, and the appellant will be held to await the action of the grand jury.

*Reversed and remanded*