## FRAZIER v. STATE.[*]

(Division A.  Nov. 9, 1925.  Suggestion of Error Overruled Jan. 4, 1926.)

[106 So. 443.  No. 25065.]

1. INTOXICATING LIQUORS. *Indictment for possession need not negative exceptions in statute.*

    Indictment based on Laws 1918, chapter 189, for unlawful possession of liquor need not negative the exceptions under which liquor may be unlawfully possessed, section 11 declaring it unnecessary for indictment for ·any violation of the act to negative its exceptions.

2. CRIMINAL LAW. *Instructions held not in conflict, and, taken together, to correctly state the law.*

    State's instruction authorizing conviction if jury believed from the evidence that defendant's possession of liquor was unlawful, and instructions for defendant fully informing jury of the circumstances under which defendant might lawfully possess the liquor, and stating that he should be acquitted unless they believed from the evidence that his possession was not under such circumstances, *held* not in conflict, and, considered together, to correctly state the law.

3. CRIMINAL LAW. *Enough that granted instructions fully cover case.*

    Refusal of correct instruction is not reversible error where every phase of defense is fully covered by instructions granted.

---

*Headnotes 1.  Intoxicating Liquors, 33 C. J., Section 447; Rule as to negation of exceptions in statute, see 14 R. C. L., pp. 188, 189; 3 R. C. L. Supp. 192; 4 R. C. L. Supp. 886; 5 R. C. L. Supp. 752; 2. Criminal Law, 16 C. J., Sections 2478, 2493; Intoxicating Liquors, 33 C. J., Section 547; Conflicting and contradictory instructions when considered together to correctly state the law, see 14 R. C. L. 777; 3 R. C. L. Supp. 282; 4 R. C. L. Supp. 918.  3. Criminal Law, 16 C. J., Section 2506.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

H. K. Frazier, a justice of the peace, was convicted of misdemeanor in office by reason of his unlawful possession of intoxicating liquor, and he appeals.  Affirmed.

*Engle & Laub,* for appellant.

I. *The demurrer to the indictment should have been sustained.* A justice of peace can be in the possession of liquor that has been seized as evidence, or which has been introduced in evidence, or is to be introduced as evidence, in the event that the person from whom the liquor was taken is later apprehended. In such a case the indictment should negative the exceptions.

The cases decided by this court dealing with the possession of a still apply with equal force to the case of an officer indicted for the possession of liquor, such as a sheriff, or a justice of peace, who under certain circumstances can lawfully be in possession of liquor. *State* v. *Speaks,* 96 So. 176, and *Dawsey* v. *State,* 100 So. 526.

II. *The instruction given for the state is faulty and was prejudicial to the appellant.* The state asked for one instruction, and this instruction told the jury to convict the appellant upon proof merely that whiskey was found in the possession of appellant, although there was testimony clearly showing, at the time, if the jury believed it, that appellant did not know that this liquor was in his possession, and that the liquor had been placed there by an acting constable to be used as evidence.

The instruction presents a conflict with the instruction given for defendant. It placed before the jury a proposition of law in conflict with the propositions contained in the instruction given for appellant. This instruction told the jury that if the appellant had the liquor in his possession, they should convict.

It enabled any member of the jury to reduce the case to the simple proposition that under the instruction for the state the case was clear, and there must be a conviction. Jurors are not learned in the niceties of the law and the instructions for the state and for the defendant should be harmonious, otherwise the likelihood of the jury being misled is great. We refer the court to the case of *Murdin* v. *State,* 82 Miss. 507, 33 So. 944.

III.  *The court should have given the instruction asked for by appellant.*  This is the only instruction that without qualification instructed the jury to acquit the defendant if the whiskey was placed in the kitchen of appellant by the witness Campbell.

If this whiskey was placed there by the witness Camp- bell, the appellant should have been acquitted.  On the facts in this case, as testified to by Campbell, and as not disputed by any evidence, this whiskey was captured by him and placed in the kitchen of appellant.  Campbell was an acting constable and appellant was a justice of the peace.  Unless this instruction is the law, then any justice of the peace whose constable places whiskey on his premises is liable to conviction.

*J. L. Byrd,* Assistant Attorney-General, for the state.

I.  A demurrer to the indictment was filed, which the appellant claims should have been sustained, because it did not negative the fact as to the possession of the in- toxicating liquor by the appellant for lawful purposes. In the first place the indictment states that the appellant unlawfully had the liquor in his possession, and in the second place the statute on the possession of intoxicating liquor provides by its terms that in any indictment, or prosecution for any violations of this act, it shall not be necessary to negative the exceptions herein contained, or that the liquors, bitters and drinks were ordered shipped, transported or delivered for any of the purposes set out in the succeeding sections hereof.  Chapter 189, Laws of 1918.

II.  The instruction granted at the request of the state was proper in every respect, because it set out all of the necessary elements of the crime, and it did not ig- nore the right of the appellant to have the whiskey for lawful purposes, but on the other hand instructed the jury that if they believed that the defendant wilfully and unlawfully possessed the intoxicating liquor, as charged

in the indictment, etc., then they should find the defendant guilty. We say that this was the state's whole case, and this was the theory on which it was tried by both the state and the defendant. There was no error in that instruction.

There was no conflict between that instruction and instructions granted to the defendant, because the defendant's instructions all told the jury that the justice of the peace had a right to have the liquor in his possession, if it was there for the purpose of having it destroyed according to law and the jury could not convict unless it was held for some other purpose than being destroyed according to law.

COOK, J., delivered the opinion of the court.

The appellant, a justice of the peace of district No. 3 of Adams county, was indicted and convicted of a misdemeanor in office in that he "willfully and unlawfully had in his possession more than one quart of intoxicating liquors;" and from a judgment removing him from office and sentencing him to pay a fine of three hundred dollars and serve sixty days in jail, this appeal was prosecuted.

The substance of the testimony for the state was that, pursuant to the command of a search warrant previously issued, the sheriff of the county searched the residence and premises of the appellant and found in the kitchen of the residence four half-gallon jars filled with whisky, and a similar empty jar that had the odor of whisky. A few steps from the back door of the residence a similar empty jar was found, while in a storehouse near the residence eighteen empty jars, which were similar to the ones containing liquor, were found. The sheriff and his deputies testified that the raid was made at 11:45 o'clock at night; that the appellant was intoxicated at the time, and claimed that he did not know the liquor was in his home.

The appellant testified that he did not know the liquor was in his residence, and that he afterwards learned

that it had been placed there by the constable to be disposed of according to law. The constable testified that he had seized this liquor and placed it in the home of the justice of the peace to be disposed of according to law, but that the justice of the peace was absent from home at the time, and he failed to notify him that the liquor had been placed in his residence.

The appellant demurred to the indictment on the ground that it failed to negative the exceptions under which liquor may be lawfully possessed in this state. This demurrer was overruled, and the first assignment of error is directed at the action of the court in so doing. This indictment is based upon chapter 189 of the Laws of 1918, and a sufficient answer to this assignment is found in section 11 of this act, which provides that in any indictment or presentment for any violation of the act it shall not be necessary to negative the exceptions therein contained.

The next assignment challenges the correctness of the state's instruction on the ground that it did not contain the qualification that the defendant was not guilty if he had the liquor in his possession for the purpose of disposing of the same according to law; the contention being that this instruction authorized a conviction upon proof merely of possession, and that it was in conflict with certain instructions for the defendant which directed an acquittal if the jury believed from the evidence that the liquor was placed in the defendant's home for the purpose of being disposed of according to law.

The instruction complained of told the jury to convict the appellant if it believed from the evidence, beyond a reasonable doubt, that he ''did then and there willfully and unlawfully possess and have in his possession intoxicating liquor, to-wit, whisky, in an amount more than one quart, as alleged in the indictment.'' Instructions granted the appellant told the jury that a justice of the peace may lawfully have liquor in his possession in any

quantity if the liquor is in his possession for the purpose of being destroyed according to law or being used in evidence in any case which may be brought before the justice of the peace, and that the appellant should be acquitted unless the jury believed from the evidence, beyond a reasonable doubt, that the whisky found in his home was not placed there by the constable for the purpose of being disposed of according to law. The state's instruction which authorized a conviction upon proof of unlawful possession is not in conflict with the defendant's instructions, which fully informed the jury of the circumstances under which this officer might lawfully possess this liquor. When these instructions are considered as a whole, they correctly announce the law, and they come within the rule announced in *Skates* v. *State,* 64 Miss. 644, 1 So. 843, 60 Am. Rep. 70. In support of this assignment the appellant relies on the case of *Murdin* v. *State,* 82 Miss. 507, 33 So. 944, in which it has held that in a prosecution for carrying concealed weapons, where there is evidence clearly showing, if believed, that the weapon was carried because of communicated threats against the defendant, it was error to instruct the jury to convict upon proof merely that the weapon was carried concealed. The instructions are not set out in the report of the Murdin case, but an inspection of the original record discloses the fact to be that the instruction there condemned did not contain the qualification that there must be an unlawful carrying of the concealed weapons to authorize a conviction, but, on the contrary, it directed the jury to convict upon proof merely that the weapon was carried concealed. This was in conflict with the defendant's instruction, which directed an acquittal if the jury believed from the evidence that this weapon was carried because of threats that had been made against the defendant and communicated to her, and consequently the jury was left without any proper guide. In that case, however, the court expressly recognized the doctrine of the Skates case that a case will not be reversed where

the whole body of instructions taken together announce the law correctly, although one of the instructions for the state ignored a special feature of the defense. In the case at bar the instructions are not conflicting, and, when considered as a whole, correctly and fully announce the law applicable to the facts.

The appellant complains of the refusal of one instruction. As drawn, this instruction was erroneous and therefore properly refused, but if it had been correct, its refusal would not have been reversible error, for the reason that every phase of appellant's defense was fully covered by the instructions granted.

The other assignments of error present no reversible error. The verdict is amply supported by the evidence, and consequently the judgment of the court below will be affirmed.

*Affirmed.*