## STATE v. CLARK.*

(Division A.   Suggestion of Error Overruled Nov. 29, 1926.)

[110 So. 447.   No. 25615.]

1. INTOXICATING LIQUORS.  *Indictment for possession of still in December*, 1923, *held defective for failure to negative statutory exceptions (Laws* 1922, *chapter* 211; *Laws* 1924, *chapter* 245; *Constitution* 1890, *section* 16).

   Under Laws 1922, chapter 211, indictment charging possession of still in December, 1923, *held* defective for failure to negative the exceptions contained in statute; Laws 1924, chapter 245, making it unnecessary to negative exceptions, being inapplicable, in view of Constitution 1890, section 16, prohibiting *ex post facto* laws.

2. INDICTMENT AND INFORMATION.  *Ordinarily, date of commission of offense need not be alleged, but on demurrer to indictment facts alleged therein, including date, must be assumed as true (Hemingway's Code, section* 1184).

   Ordinarily, under Code 1906, section 1428 (Hemingway's Code, section 1184), date of commission of offense alleged in indictment is not material, but on demurrer thereto all facts alleged, including date of commission of offense, must be assumed to be true.

*Corpus Juris-Cyc. References: Indictments and Informations, 31CJ, p. 821, n. 65; Intoxicating, 33CJ, p. 727, n. 22.

APPEAL from circuit court of Lafayette county.
HON. T. E. PEGRAM, Judge.

Prosecution by the state against Doyle Clark for the possession of a still.   Judgment sustaining a demurrer to the indictment, and the State appeals.   Affirmed.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The crime here charged was committed when chapter 211, Laws of 1922, was in effect and before it had been amended. The only question in the case is whether or

not chapter 245, Laws of 1924, is an *ex post facto* law with reference to the crime alleged in the indictment. The supreme court of the United States has held that "an *ex post facto* law is one which imposes a punishment for an act which was not punishable at the time it was committed; or an additional punishment to that then prescribed; or *changes the rules of evidence by which less or different testimony is sufficient than was then required;* or, in short, in relation to the offense or its consequences, alters the situation of the party to his disadvantage." *Kring* v. *Missouri,* 107 U. S. 221, 27 L. Ed. 506; *Duncan* v. *Missouri,* 152 U. S. 377, 38 L. Ed. 485; *Cummins* v. *Missouri,* 4 Wallace (U. S.) 277. See, also, *Lindzey* v. *State,* 65 Miss. 542.

We are of the opinion that chapter 245, Laws of 1924, changes the rules of evidence by which less or different testimony is sufficient than was required under chapter 211, Laws of 1922, and that said chapter 245 is an *ex post facto* law with reference to the crime alleged to have been committed in the indictment and that the demurrer to said indictment was properly sustained.

*Reporter's Notes*: No brief submitted for the appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal by the state from a judgment sustaining a demurrer to an indictment. The indictment charged the appellee with the possession of a still "on the ———day of December, 1923." The ground of the demurrer, as set forth therein, is that:

"The said indictment charges the defendant with no offense for the reason that said indictment fixes the date of the alleged offense as December, 1923, at a time when chapter 211 of the Laws of 1922 was in effect, and said indictment fails to negative the exceptions provided in said law."

Chapter 211 of the Laws of 1922 prohibits any person from knowingly having in his possession a still or any part thereof, except under certain designated circumstances, the existence of which must be negatived in an indictment thereunder. *State* v. *Speaks,* 132 Miss. 159, 96 So. 176; *Dawsey* v. *State,* 136 Miss. 18, 100 So. 526. This statute was amended by chapter 245, Laws of 1924, by adding thereto the following provision:

"That in any indictment or presentment for any violation of this act it shall not be necessary to negative the exceptions herein contained; but such exceptions may be relied on as a defense and the burden of establishing the same shall be on the person or corporation claiming the benefits thereof."

Ordinarily, the day of the commission of an offense alleged in an indictment is not material, and its commission on any day prior to the finding of the indictment may be proved (section 1428, Code of 1906 [section 1184, Hemingway's Code]; *McCarty* v. *State,* 37 Miss. 411; *Miazza* v. *State,* 36 Miss. 613; *Oliver* v. *State,* 101 Miss. 382, 58 So. 6); but, on a demurrer to an indictment, all of the facts alleged therein, including the day of the commission of the offense, must be assumed to be true (*Hodnett* v. *State,* 66 Miss. 26, 5 So. 518.). We must assume, therefore, that the offense here charged was committed in December, 1923, at which time chapter 211, Laws of 1922, was in force; consequently, the indictment is defective for the reason that it fails to negative the exceptions contained in that statute. Chapter 245, Laws of 1924, cannot be invoked in aid of the indictment for the reason that it places a greater burden upon defendants charged with the possession of a still than does chapter 211, Laws of 1922, and to apply it here would violate section 16 of the Constitution of this state, which prohibits *ex post facto* laws.

The court below committed no error, as the attorney-general admits, in sustaining the demurrer, and its judgment in so doing will be affirmed.

*Affirmed.*