## ARMSTRONG v. STATE.[*]

(Division B. Feb. 18, 1929.)

[120 So. 574. No. 27490.]

---

[*]Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, section 249, p. 617, n. 67; section 502, p. 758, n. 80.

*Brantley & Rodgers,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General for the state.

ETHRIDGE, P. J.   Fred Armstrong was tried and convicted in the circuit court of Winston county upon an indictment charging him with having in his possession, or under his control, a certain distillery commonly called a still and the integral parts thereof.   Upon the trial he was convicted and sentenced to one year in the state penitentiary, from which judgment he appeals here.

It appears that the sheriff of Winston county received information that some one was preparing to operate a still some four or five miles south of Louisville, the county site, and he and his deputies went down and located the place and spent several days and nights watching the place.   During this period of watchful waiting James Rayfield appeared upon the scene two or three times that week, but it does not appear that he did anything toward operating the still.   On Tuesday evening, following this watching, James Rayfield and the appellant came to the location of the still together and had with them a gun, two one-gallon containers, eight or ten fruit jars, a lantern, and a little coal oil.   They laid these things down and began looking about for wood with which to build a fire under the still.   There had been rain, and the brush and wood were wet.   During the search for wood, Armstrong came across a dried piece of dogwood, and remarked to his companion that this would burn like hell, and broke it into pieces.   They continued to search about for wood to make the fire, and ran into the deputies, and were arrested.

It appears that Rayfield disappeared or escaped from the community and was not at the trial. Armstrong testified that he merely went with Rayfield to the still for the purpose of buying whisky; that he went to Rayfield's place to get some whisky, and Rayfield said he had none, but, if the appellant would go with him to the still, he would make some; and that he (appellant) did not have or possess the still or any part thereof.

The jury convicted him, and counsel for appellant filed assignment of error that the evidence is insufficient to sustain a conviction. We have examined the evidence, and have reached the conclusion that it is sufficient to sustain a conviction, and that the jury was warranted in believing that Armstrong and Rayfield were jointly engaged in operating the distillery. The appellant was assisting in gathering the wood with which to build a fire, and all indications were that he was jointly interested. It is true that he testified that his presence was only for the purpose of buying whisky, but his conduct was not consistent with this testimony. He was participating in the preparation to make the rum, and it is a fair inference that he was jointly engaged in the operation.

It is also contended by the appellant that the indictment in the case is insufficient because it fails to negative the exceptions contained in the act denouncing the offense of having a still or integral parts thereof in possession. Appellant relies upon *State* v. *Speaks,* 132 Miss. 159, 96 So. 176, and *Dawsey* v. *State,* 136 Miss. 18, 100 So. 526. Since the decision of these cases, the legislature has amended the law, and aptly provided that it is not necessary to negative the exceptions. Chapter 245, Laws of 1924.

There is no merit in the other assignments of error and the judgment of the court below is affirmed.

*Affirmed.*