Powe *v.* State.

(Division A.   Oct. 5, 1936.)

[169 So. 763.   No. 32364.]

E. F. Coleman, of Purvis, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

The appellant, Powe, was jointly indicted with Andrew J. Lee and J. P. Lee for crime in the following language, omitting the formal parts: "Did then and there wilfully, unlawfully and feloniously possess a distillery commonly called a still." A severance was granted, and the appellant was tried by a jury, convicted, and sentenced by the court to serve a term in the penitentiary, from which he appeals.

There was a demurrer to the indictment, which was overruled by the court.

Officers of the Internal Revenue Department of the federal government testified that on the 2d day of

August, 1935, about four o'clock in the morning, they went to a certain place in Forrest county to wait and watch; that about seven o'clock a. m. they saw Jay Lee drive up in a car accompanied by Andrew J. Lee and the appellant, Powe, the latter riding on the fender or side of the car. These witnesses testified as to the parts of the still that were taken from the car, and that the three of them carried the parts of the still to a place where they put it together in or on a furnace. While putting the still together, Jay Lee said, "Boys, you ought to get from seven to nine gallons to the barrel here this morning," and the appellant replied, "Yes, sir, we will try it." Thereupon Jay Lee started away, and the arrest of the parties ensued. It was shown that the appellant had been convicted of the same offense in the federal court; and further shown that at or near this place there were nine barrels of mash, or "buck" as denominated by the appellant.

The appellant, in his own behalf, virtually admitted that he and the others set up a still, and that he participated in the construction of the furnace and the putting together of the several parts of the still which he assisted in bringing from the car. In his testimony, appellant undertook to set up a defense of duress in the commission of the crime. On the morning of the arrest, and prior thereto, appellant had been ploughing for Jay Lee, but, on account of rain, he was stopped from ploughing, and Jay Lee requested him to come on and do something for him so that he could be paid what he owed him. Upon reaching the car, he saw the parts of the still—the worm, the corn, and the buckets. He told Lee that he did not want to "fool" with anything like that, and thereupon Lee said, "You get in here and go on and help, or else," and appellant then said, "If nothing will do but to go, I will go on with you this time." Appellant also testified that Lee told him that if he wanted to "live his days out he had better go," and that thereupon he stepped up on the side or fender of the car and

rode to the place where the still was set up by him and others.

1. It is argued that the court erred in overruling the demurrer to the indictment, the ground of the demurrer being that the indictment does not name the kind of still possessed by the appellant; and it is contended that the indictment should have alleged that the still or distillery was a whisky distillery or still. Section 1993, Code 1930, makes it a felony to have in possession any distillery commonly called a still; Section 1994, Code 1930, sets out several exceptions to the former section, which are unnecessary to here detail. Under these two sections, prior to 1924, it was necessary for an indictment thereunder to negative these exceptions. See State v. Speaks, 132 Miss. 159, 96 So. 176; Dawsey v. State, 136 Miss. 18, 100 So. 526; State v. Clark, 145 Miss. 207, 110 So. 447.

Section 2012, Code 1930, provides in part as follows: "In any indictment or presentment for any violation of this chapter it shall not be necessary to negative the exceptions herein contained," etc.; and further provides that such exceptions may be relied upon as defense and the burden of establishing the same shall be upon the person claiming the benefits thereof. Under this amendment to the former law, we have held that it is not now necessary to negative the exceptions. Frazier v. State, 141 Miss. 18, 106 So. 443. To have described it as a whisky distillery would have been but another way of negativing the exceptions. And this court has also held that, in an indictment for possession of integral parts of a still, the language of the statute is sufficient. See State v. Hinton, 139 Miss. 513, 104 So. 354. The indictment here under consideration is in the language of the statute, and therefore excludes only those stills named in the exceptions thereto. What was said there with reference to the integral parts of a still is, by analogy, applicable to the case at bar. The demurrer was properly overruled.

2. It is argued that the court erred in overruling appellant's motion for a peremptory instruction. Appellant bases this assignment of error upon the allegation that the undisputed evidence, which we have set forth in the statement of facts, is that the appellant participated in this crime under duress and therefore cannot be held accountable therefor, based upon the statement by Lee to the appellant that if he (Powe) wanted to "live his days out he had better go," which was uncontradicted. This threat was made at Lee's house, and thereafter Powe acceded and rode on the car three-quarters of a mile to the scene of the crime, and there participated therein. There is no contention that any threat against the life of the appellant was made when they reached the place where the still was set up for operation.

In Bain v. State, 67 Miss. 557, 7 So. 408, the defendant was indicted for perjury; the only defense offered by him was that his life had been threatened by one Dodd unless he should go into court and testify to certain incriminating facts. Judge COOPER, speaking for the court, there said: "We are not aware that a similar question has ever been presented for decision. We can conceive of cases in which an act criminal in its nature may be committed by one under such circumstances of coercion as to free him from criminality. *The impelling danger, however* [italics ours], should be present, imminent, and impending, and not to be avoided. Such was not the character of the duress here; and the appellant was not only possessed of the power and right of protecting himself, but he also could have appealed to the law to shield him from the threatened danger." The court then went on to set out that a man thus threatened could have such person arrested and required to give a peace bond, and concluded the opinion with the following statement: "The social system would be subverted, and there would be no protection for persons or property, if the fear of man, needlessly and cravenly entertained, should be held to justify or excuse breaches of

the criminal laws of the state, and to excuse or justify the crime of perjury.''

In the case at bar, on these facts, it is unnecessary for us to say that, whatever fear may have been engendered in the appellant's mind by the threat made before he started to the still, the impelling danger, if any, was not present, imminent, and impending at the still; and, under all the authorities as to the defense of duress as an excuse for a crime, these elements must be proved by the accused who sets up that defense.

In 10 American and English Encyclopædia of Law (2 Ed.), p. 346, this statement of the rule is given: ''An act which would constitute a crime if voluntarily done is innocent if it is done in pursuance of the demand of another, and under the pain of instant death, should compliance with the demand be refused. The duress must continue up to the very time of the doing of the act, and it seems that duress is no defense to the crime unless the impending penalty for a refusal to commit it is death.'' In the case of United States v. Haskell, Fed. Cas. No. 15,321, 4 Wash. C. C. 402, it is said of such fear that it must be such a fear as a man of ordinary courage and fortitude might yield to. We cite these authorities to show the difficulty besetting one who sets up the defense of duress; and it is not now necessary for us to say whether this court would adopt the rule announced in the Haskell Case, supra, or in the quotation from the American and English Encyclopædia of Law, being of the opinion that in the case at bar there was not impelling danger present, imminent and impending at the time the appellant participated in the crime of possessing a still. The defense of duress in a criminal case is an affirmative one, and is not here established by the evidence.

3. It is assigned as error that the court gave an instruction for the state substantially in the language of the above quotation from American and English Encyclopædia of Law, but it is unnecessary, in view of the

conclusion which we here announce, for us to determine whether or not it was error to grant this instruction.

We find no reversible error in this record.

Affirmed.