252 So.2d 885 (1971)
Linda Sue BROWN
v.
STATE of Mississippi.
No. 46491.
Supreme Court of Mississippi.
October 4, 1971.
Robert B. Prather, West Point, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant, Linda Sue Brown, was indicted, tried and convicted of the crime of armed robbery in the Circuit Court of Clay County. She was sentenced to serve a term of fifteen years in the State Penitentiary. From this conviction and sentence she appeals. We affirm.
About 8:45 on the morning of May 19, 1970, appellant appeared at the front door of the home of Mrs. L.W. Walker in the City of West Point. She represented to Mrs. Walker that she was ill and asked to be let into the house to use the telephone in order to call her husband. Mrs. Walker let her in the house, and appellant pretended to use the telephone. When appellant and Mrs. Walker started back to the front door, a man was standing inside the door. Appellant and the man, identified as Bobby Joe Fabian, exchanged some words, and Fabian then pointed a pistol at Mrs. Walker and ordered her into the bedroom. Miss Oma Carroll, a guest, was also ordered into the bedroom. Fabian made the two ladies lie face down on the bed. He then told appellant to get her pistol out of her *886 purse. At that time another man identified as Kenneth Roach was let into the house by the appellant. After Roach came in, Fabian demanded that Mrs. Walker tell him where the safe was in which her husband kept a large sum of money. Mrs. Walker said that there was no safe in the house. After ransacking the house and finding no safe, they tied up the two ladies and left, carrying with them about $175 in money, a pistol, credit cards and a station wagon.
Appellant testified in her own behalf and admitted practically all of the essential facts set out above. Her defense was that she took part in the robbery because she was afraid that if she did not, Fabian would kill her. She told the jury she met Fabian in the early part of May and at that time she thought him to be "a smartaleck young man." Fabian told her that he and two other men were going out of town for about a week and would give her two or three thousand dollars to go with them and do some of the driving. She described their trip through Arkansas, Tennessee, Indiana, Illinois, South Dakota, and Wyoming, and then back to Little Rock, Arkansas. Shortly after they started on the trip she found out that Fabian had about $40,000 in counterfeit money which he was passing. She then became afraid of Fabian and wanted to get away from him but she could not because he told her he would kill her. She testified that he had threatened to kill her on many occasions and on one occasion severely beat her. After returning to Little Rock, Fabian was informed that Mr. Walker kept a large sum of money in his home. They then went to Memphis, where Fabian discussed with a man named Morrow the West Point job. Morrow assured Fabian the money was there and told Fabian to call a man named Travis when he got to West Point. They proceeded to a motel in a town near West Point. Travis came to the motel, and after assuring Fabian that Mr. Walker did keep a large sum of money in a safe at home, he and Fabian left to go to "case" the Walker home. She said they were gone for about an hour and left her in the motel. She told the jury the only reason that she took part in the robbery was that she was afraid if she did not do so, Fabian would kill her. On cross examination she admitted that after she found out that the robbery was planned, she made no attempt to get away from Fabian. Her excuse was she was afraid to try to escape.
She also testified that after the robbery she went with Fabian to Dallas, Texas, where she was arrested while trying to use Mrs. Walker's credit card to rent a car. After her arrest she freely gave statements to the officers in which she admitted taking part in the robbery. She told them she did so because she was afraid if she did not, Fabian would kill her. Two of the officers testified and corroborated her testimony to the extent that she told them she participated in the crime because she was afraid of Fabian and that they, the officers, believed what she told them.
Appellant's assignment of errors is as follows:
1. The court below erred in refusing to grant the defendant's request for a continuance.
2. The conviction of the Defendant in the court below is contrary to the overwhelming weight of the evidence.
3. The order entered by the Honorable Court below imposing sentence upon the Defendant is erroneous for the reason that it is so indefinite and uncertain as to be void on its face.
The principal question in this case is whether the trial court abused its discretion in overruling appellant's motion for a continuance. The record reflects that appellant was indicted at the July term 1970 by the Grand Jury, and that appellant was not in the State of Mississippi at that time. On September 24, 1970, the district attorney filed a petition for a writ of habeas corpus ad prosequendum in which it was *887 alleged that appellant was a federal prisoner confined in Dallas County Jail in the State of Texas, and that this case was pending for trial in the Circuit Court of Clay County. It requested the writ of habeas corpus ad prosequendum issue directed to the United States Marshal for the Northern District of Texas commanding him to produce the body of appellant for arraignment and trial on the pending charge. An order was entered directing the writ to issue, and it was duly issued. On October 5, 1970, the first day of the October 1970 term of the Circuit Court, appellant was brought into Court. After she informed the court she was indigent, the court appointed counsel to represent her. On the same day she was arraigned and pled not guilty. Her trial was set for October 7, and on that day her counsel filed a motion requesting that the cause be continued until the next term of court. The motion alleged that counsel for appellant had not had sufficient time to prepare a defense. It further alleged that counsel had another case set for trial and had not had time to complete his investigation. Insofar as the record shows, no testimony was offered in support of the motion. The record does show that the motion was heard on October 7, and in passing on the motion the court reset the case for trial on October 9, 1970, and overruled the motion to continue the cause until the next term of court.
On October 9 counsel for appellant filed another motion for a continuance wherein he renewed his former motion and alleged that in the limited time which had been available to him, it appeared the defendant would have a legal defense available to her, but such defense would require more investigation, and it was a good possibility that two out-of-state witnesses must be questioned about the facts of her defense. Insofar as the record reflects, no proof was offered in support of this motion. In fact, it does not appear it was ever acted upon by the court, since there is no order in the record overruling the motion.
Appellant also filed a motion for a new trial and one of the grounds set up therein was that the court was in error in overruling her motion for a continuance until the next term of court. Appellant did not offer any proof in support of this motion, and it was overruled by the court.
It is a well-settled rule in this state that a motion is at issue without further pleading and that the allegations thereof do not amount to any proof of the facts stated therein. It is the duty of the movant to support his motion by proof and in the absence of proof in support of the motion, the presumption in favor of the correctness of the action of the trial court will prevail. Harvey v. State, 218 So.2d 9 (Miss. 1969).
However, in view of the fact that the record does reflect that appellant was tried four days after appointment of counsel, we have carefully considered this assignment of error. It will be noted that appellant did not request the granting of additional time during the term to prepare her defense, but asked that the case be continued until the next term of court.
Appellant cites and relies upon the recent case of Barnes v. State, 249 So.2d 383 (Miss. 1971), wherein we reversed and granted a new trial because of the failure of the trial court to grant additional time for counsel to prepare for trial. In this case we said:
"The application for continuance upon the ground that the attorney for the defendant has not had a reasonable time to prepare for trial is different from an application for continuance on the ground that there is an absent witness. When a witness is absent the movant must continue his effort to obtain the witness after having filed the motion required by Section 1520 Mississippi Code 1942 Annotated (1956). See: King v. State, 251 Miss. 161, 168 So.2d 637 (1964). On the other hand, a motion for continuance upon the ground that an attorney has not had sufficient time to prepare for trial is subject to proof and also as to facts as *888 they may appear from that which is known to the trial court. In the instant case the defendant had to rely upon his own testimony alone. It is apparent from the facts shown in the record that the attorney for defendant did not have a fair opportunity to prepare for trial. (249 So.2d at 384).
There is a marked distinction in the factual situation in the present case. Barnes was indicted on July 15, 1970, and tried on July 20, 1970. On the same day he was indicted, he requested process for witness, none of which had been served on the day the case was tried; thus forcing Barnes to go to trial without his witnesses present. The court was aware that process for defense witnesses had not been served and no return had been made on the process. We pointed out that where the evidence is such as to leave considerable doubt as to whether the defendant obtained a fair trial, we will grant a new trial. However, there is nothing in the record in this case to indicate that appellant did not receive a fair trial. The fact that she was tried four days after appointment of counsel is not sufficient cause alone to reverse this case. In Robinson v. State, 223 Miss. 70, 77 So.2d 265 (1955), appellant was indicted on July 12 for rape. Counsel was appointed to represent him on the same date. On the following day he filed a motion for continuance setting up that the defendant and his attorney would not have sufficient time to prepare a defense. The motion was overruled and on the following day he renewed the motion, which likewise, was overruled. There, as here, appellant offered no evidence in support of his motion and made no showing that any particular witness or evidence was not available. We pointed out that Section 1520, Mississippi Code 1942 Annotated (1956), provides that the granting of a continuance is largely in the discretion of the trial judge and refusal to grant a continuance will not be grounds for reversal unless that discretion has been abused, and the court is satisfied that an injustice has resulted therefrom. We also pointed out that an indictment should be tried in the first term unless good cause for a continuance be shown. Section 2518, Mississippi Code 1942 Annotated (1956).
The facts in this case did not present a complicated factual situation and no complicated legal problems were involved. Appellant admitted taking part in the crime and the jury found against her on her defense of duress. The record revealed that appellant received a fair and impartial trial during which she was ably and vigorously defended. Therefore, we cannot say that the trial court abused its discretion in overruling her motion for a continuance.
We find no merit in appellant's contention that the verdict of the jury is against the overwhelming weight of the evidence. It is argued that appellant's explanation of why she participated in the crime is uncontradicted in the record, and, in fact, corroborated by two law enforcement officers and the victim of the robbery. Of course, the law enforcement officers were not present at the time the crime was committed. They testified she told them that she participated in the crime because she was afraid of Fabian, and that if she did not participate, he would kill her. They believed what she told them. Mrs. Walker and Miss Carroll testified the appellant was nervous, and they believed Fabian when he told them he would kill them unless they did what he told them to do. The jury in passing on the question of duress had a right to consider appellant's own testimony wherein she testified on the day before the crime she was left alone at the motel while Fabian and Travis went to look over the Walker house. She knew then that the robbery was planned and there was nothing to keep her from leaving the motel. The jury, no doubt, considered the fact that she went into the Walker home alone and had access to the telephone. The police could have been called, and had she informed Mrs. Walker of the planned crime, there would have been ample opportunity for all of them to leave the house before Fabian came in.
*889 In Powe v. State, 176 Miss. 455, 169 So. 763 (1936), we held that as to the defense of duress, the accused must prove that impelling danger was present, imminent, impending, and not to be avoided at the time the crime was committed. In the final analysis the most that can be said relative to the appellant's testimony as to duress is that it presented a question for the jury to determine. The jury rejected her defense, and we cannot say that their decision is against the overwhelming weight of the evidence.
Finally, the appellant contends that the order entered by the trial court imposing sentence on her is so indefinite and uncertain that it is void on its face. The order of the court, in part, is as follows:
We, the jury, find the defendant guilty as charged. Whereupon, for said offense, it is ordered that she, the said Linda Brown, be and is hereby sentenced to fifteen (15) years at hard labor in the Mississippi State Penitentiary at Parchman, Mississippi, and is remanded to the United States Marshal's office for return to the Dallas County jail, Dallas, Texas, pursuant to the provisions of the Writ of Habeas Corpus ad Prosequendum filed in this cause.
It is argued that it is impossible to ascertain from the order when appellant shall begin serving the sentence imposed upon her. The judgment in this case states the duration of the sentence and place of confinement. It is not necessary that the date when the punishment shall begin be inserted in the judgment. Braxton v. State, 103 Miss. 127, 60 So. 66 (1912). Ordinarily, a sentence runs from the date it is imposed, but where, as here, the person sentenced is a federal prisoner and brought into this state for trial by means of a writ of habeas corpus ad prosequendum, after trial and sentence, the court is required to return the prisoner to the federal authorities. The sentence cannot start to run until such time as the prisoner is returned to the state. Appellant does not contend she is entitled to a new trial because of the alleged defects in the judgment, but only that this case should be remanded to the trial court for a proper judgment. We do not deem this to be necessary. We hold that the judgment entered is valid and that sentence imposed thereby will begin to run when appellant is returned to the custody of the officers of this state.
There being no reversible error in this record, this case should be, and is, affirmed.
Affirmed.
GILLESPIE, C.J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.